Robert CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00286–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 28, 1994.

David W. Hutton, Jr., San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Angela Moore, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES and HARDBERGER, JJ.

## OPINION

PER CURIAM.

The court convicted appellant of aggravated assault upon his plea of guilty and assessed punishment at ten years confinement. Appellant raises one point of error, contending that he was denied due process because his guilty plea was involuntary. We affirm.

## I. JURISDICTION OVER THE APPEAL

The State urges that we do not have jurisdiction to consider the present appeal because appellant filed only a general notice of appeal. We disagree.

The State relies on the following recent holding of the court of criminal appeals:

> Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. A defendant's "general" notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that oc-

cur before or after entry of the plea; a defendant's notice of appeal has to comply with the applicable provisions of the "but" clause of Rule 40(b)(1) to confer jurisdiction on a Court of Appeals to address these types of defects or errors. A "general" notice of appeal confers jurisdiction on a Court of Appeals to address only jurisdictional issues.

*Lyon v. State,* 872 S.W.2d 732, 736 (Tex. Crim.App.) (citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *see also Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994). The State urges that appellant's plea was negotiated because in exchange for appellant's promise to plead guilty, the State promised not to seek an affirmative finding of use of a deadly weapon and promised to drop another case pending against appellant. The State recommended a $2500 fine and confinement for ten years, but appellant did not agree to this proposed punishment.

▪ The State cites *Scott v. State,* 690 S.W.2d 256 (Tex.Crim.App.1985) and *Ex parte Williams,* 637 S.W.2d 943 (Tex.Crim. App.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983) for the proposition that a plea bargain need not contain an agreement as to punishment. While this is a correct general statement of law, it is inapposite to the issue at hand. In *Williams* the court was simply discussing the contractual nature of plea bargaining in general. In *Scott* the court was construing a specific statute (former article 1918c, now TEX.GOV'T CODE ANN. § 54.306 (Vernon 1988)) allowing magistrates to hear "negotiated" pleas of guilty. *Scott v. State,* 690 S.W.2d at 257. The court stressed that the statute itself "simply referred to a plea of guilty entered pursuant to a plea bargain" without mention of any agreement as to punishment. *Id.* at 258.

▪ A close reading of rule 40(b)(1) reveals that "negotiated plea" or "plea-bargained conviction" for the purposes of the holdings in *Davis* and *Lyon* means an agreement *as to punishment.* Unlike the statute

at issue in *Scott,* rule 40(b)(1) is not stated in terms of "negotiated pleas" or "plea bargains." Rather, it specifically applies only if the defendant pleaded guilty or nolo contendere "and the punishment assessed does not exceed *the punishment* recommended by the prosecutor and *agreed to by the defendant and his attorney.*" TEX.R.APP.P. 40(b)(1) (emphasis added).

In *Jack v. State,* 871 S.W.2d 741 (Tex. Crim.App.1994), the court of criminal appeals held that rule 40(b)(1) and the holdings of *Davis* and *Lyon* do not apply to "nonnegotiated pleas."

> There is no such jurisdictional bar to appealing matters following a nonnegotiated guilty plea. Under Article 44.02, V.A.C.C.P., the defendant who pleads guilty without benefit of a plea bargain has a right to appeal any claim of error below. There is no valid restrictive statute to limit the court of appeals' jurisdiction.

*Jack v. State,* 871 S.W.2d at 744. The appellant in *Jack* pleaded guilty pursuant to an agreement whereby a presentence investigation would be conducted, other accusations against appellant would be dismissed, and the court would assess punishment without an agreed recommendation. *Id.* at 742. The court of criminal appeals treated this as a nonnegotiated plea, presumably because there was no agreement as to punishment.

▪ The present case is indistinguishable from *Jack.* While appellant pleaded guilty pursuant to an agreement with the State, that agreement did not encompass an agreed recommendation as to punishment. Thus, the agreement does not fall within the parameters of rule 40(b)(1) and appellant's general notice of appeal properly invoked this court's jurisdiction. *See Jack v. State,* 871 S.W.2d at 744. Appellant, by entering a nonnegotiated plea, has waived any nonjurisdictional defect occurring prior to the entry of the plea. *Id.* But the issue here raised—voluntariness of the plea—is not so waived. *See Jack v. State,* 871 S.W.2d at 744 (error at or after entry of nonnegotiated plea is not waived); *Helms v. State,* 484 S.W.2d 925, 927

(Tex.Crim.App.1972) (waiver only if plea voluntarily and understandingly made).

## II. VOLUNTARINESS OF THE PLEA

We turn now to the merits of appellant's sole point of error. Appellant asserts that his guilty plea was not voluntary because it was induced by the promise of his attorney and the trial court that he would be released to attend his brother's funeral and that promise was not fulfilled. The record does not support this assertion.

The voluntariness of a guilty plea is determined by the totality of the circumstances. *Munoz v. State*, 840 S.W.2d 69, 74 (Tex.App.—Corpus Christi 1992, pet. ref'd). Proper admonishment by the trial court creates a prima facie showing that a guilty plea was knowing and voluntary. *Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex.App.—Dallas 1993, no pet.). The burden then shifts to the defendant to prove that he did not understand the consequences of his plea. *Id.* Further, when a defendant indicates at the plea hearing that he understands the nature of the proceeding and is pleading guilty because the allegations in the indictment are true, not because of any outside pressure or influence, he has a heavy burden to prove on appeal that his plea was involuntary. *Curry v. State*, 861 S.W.2d 479, 483 (Tex.App.—Fort Worth 1993, pet. ref'd); *see also Jones v. State*, 855 S.W.2d 82, 84 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

The statement of facts from the plea proceeding shows that the trial court admonished appellant regarding the full range of punishment for the offense charged and appellant stated that he understood that range. The court further advised appellant that without a plea agreement as to punishment, the matter of punishment is left up to the court. Appellant agreed. After further admonishment appellant entered a plea of guilty, specifically stating that he was entering the plea freely and voluntarily and that he was pleading guilty solely because he was guilty. Appellant thus bears the heavy burden of establishing that his plea was not voluntary. *See Tovar–Torres v. State*, 860 S.W.2d at 178; *Curry v. State*, 861 S.W.2d at 483; *Jones v. State*, 855 S.W.2d at 84.

After appellant entered his plea, the State introduced its evidence and appellant urged the court to consider his application for deferred adjudication. The court ordered a presentence report and set the case for sentencing. At this point appellant requested that his bond be reduced so that he could attend his brother's funeral the following day. The court stated that appellant needed to obtain permission from the Sheriff's Department to go to the funeral and that the court would approve appellant's request, "at the convenience of the Sheriff's Department, of course." The court declined to reduce appellant's bond.

At sentencing, nearly four months later, appellant asserted that he only pleaded guilty because he had just lost a family member and wanted to be out with his family. He stated that his attorney had told him he would be able to get out of jail if he signed the plea bargain; he would get probation if he pleaded to a lesser charge. The court rejected these contentions and assessed punishment at ten years confinement.

Appellant asserts that he was "induced to plead guilty by the unfulfilled promise [to attend his brother's funeral] made to him by his attorney and the trial court." We first note that there is absolutely nothing in the record to show that the trial court made any such promise. On the contrary, the court fully admonished appellant regarding the range of punishment and informed him that the matter of punishment was solely up to the court. Appellant indicated that he understood and agreed. The matter of the funeral was not raised until after the plea was entered. Even then, the court made no assurances that appellant would be able to attend the funeral. It merely stated that it would approve appellant's release to attend the funeral, but that the matter would be up to the Sheriff's Department upon proper request to that department. We cannot con-

strue any of the trial court's words or actions as constituting any promise that appellant would receive probation or would be allowed to attend his brother's funeral.

 As for the allegation regarding appellant's attorney, the only support in the record is appellant's unsworn statement at sentencing that his attorney told him if he pleaded guilty he would get probation and would be released to attend the funeral. Counsel, who represented appellant at the plea proceeding and at the sentencing hearing, did not make any statement in support of this assertion, nor did he raise the matter in a motion for new trial so that a record could be developed regarding what advice appellant was given. *See Clemmons v. State,* 630 S.W.2d 894, 897 (Tex.App.—Houston [1st Dist.] 1982, no pet.) (appellant made appropriate responses to admonishment; did not pursue claim of involuntariness on motion for new trial).

Appellant has not met his burden of proving that his plea was induced by erroneous advice from his attorney. There is no *evidence* that the attorney told appellant he would be released for his brother's funeral, nor is there any *evidence* that appellant relied on any such information in deciding to plead guilty. Even if counsel had told appellant that he believed he would be given probation, such advice would not render the plea involuntary. A guilty plea is not involuntary simply because the sentence exceeded what the appellant expected, even if that expectation was raised by his attorney. *West v. State,* 702 S.W.2d 629, 633 (Tex.Crim.App. 1986); *see also Russell v. State,* 711 S.W.2d 114, 116 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (counsel's mere opinion regarding sentencing will not render a plea involuntary).

The record from the plea proceeding demonstrates that appellant was properly admonished,[1] gave appropriate responses to the trial court's inquiries, and gave no indication that his plea was not free and voluntary. He stated that he understood the proceedings and that he was pleading guilty solely because he was guilty. He also stated that he understood that there was no agreement regarding the punishment the court might assess. The record does not show that any promise was made to appellant by either the trial court or counsel, or that any such promise induced his plea. Appellant has failed to sustain his burden on appeal.

Appellant's sole point of error is overruled. The judgment is affirmed.

---

1. The record contains both oral and written admonishments.