cr4-594.Jones 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00594-CR


NO. 03-94-00595-CR







Verlon Franklin Jones, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HUNT COUNTY, 196TH JUDICIAL DISTRICT


NOS. 17,338 & 17,350, HONORABLE PAUL BANNER, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty to two aggravated robbery indictments. (1) The trial court
adjudged appellant guilty and assessed punishment at two concurrent sentences of thirty-six years
in prison. By one point of error, appellant contends that the trial court erred by failing to
properly admonish him of the consequences of his plea during the plea hearing. We will affirm
the trial court's judgments of conviction.

 Appellant's guilty pleas were not the result of any plea bargain agreement with the
State. The trial court elected to give appellant the admonishments required by the Texas Code
of Criminal Procedure, article 26.13(a), in writing. See Tex. Code Crim. Proc. Ann. art.
26.13(a) (West 1989). The court gave appellant two sets of admonishments, one for each cause,
that advised appellant, among other things, that he was charged with aggravated robbery enhanced
by one prior offense. Additionally, both sets of written admonishments advised appellant that,
if convicted of aggravated robbery, he could receive a sentence of confinement in prison for life
or for a term of years not more than ninety-nine or less than fifteen and a fine not to exceed
$10,000 for each cause. The written admonishments also included the following, "Comes now
the Defendant, joined by my counsel, and state that I understand the foregoing admonishments
from the Court and am aware of the consequences of my plea." The written admonishments also
included a paragraph titled Written Stipulation Of Evidence that provided in bold print:



I further state that I have read the indictment or information in this case and that
I committed each and every allegation it contains. I am guilty of the offense
alleged as well as all lesser included offenses, and each and every allegation of the
indictment is true beyond any reasonable doubt.



Appellant and his attorney signed both of the documents. 

 At the plea hearing, the court asked appellant if he was the same person that "stands
charged with robbery[.]" The court then asked appellant if he had read and understood the
indictments and if appellant wanted the indictments read aloud to him. Appellant responded that
he had read and understood the indictments and that he did not want the court to read them to him. 
The court asked appellant if he was pleading guilty because he was guilty as charged in each of
the indictments; appellant answered, "yes." Additionally, the court asked if appellant had
discussed his case with his attorney and did they understand each other; appellant answered "yes." 
The court asked appellant's attorney if he thought appellant was competent, to which the attorney
replied that he thought appellant was competent. The court then asked appellant if he still wanted
to plead guilty, and he responded that he did. The trial court admitted into evidence both of
appellant's signed written plea admonishments. Additionally, appellant testified that he
understood that he was pleading guilty to two first degree felonies, aggravated, in both causes. 
He also understood that both causes included an allegation of use of a deadly weapon. He also
testified that he understood he could receive life sentences for each cause. Additionally, he
testified that nobody had made him any promises about what was to happen to him and that he was
entering his guilty plea freely and voluntarily.

 Appellant contends that the trial court improperly relied solely upon the written
admonishments because the trial court did not ask appellant at the plea hearing whether he had
reviewed and understood the written admonishments. Additionally, appellant contends that at the
plea hearing shortly before the court accepted his guilty pleas, the court incorrectly referred to
the alleged offenses as robbery rather than aggravated robbery, as alleged in the indictments, and
this confused him.

 Before accepting a guilty plea, the trial court shall admonish a defendant of the
range of punishment attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West
1989). When admonishing the defendant, substantial compliance by the trial court is sufficient,
unless the defendant affirmatively shows that he was not aware of the consequences of his plea
and that he was misled or harmed by the court's admonishment. Tex. Code Crim. Proc. Ann.
art. 26.13(c) (West 1989). The court may give the required admonishments either orally or in
writing. Tex. Code Crim. Proc. Ann. art. 26.13(d) (West 1989). If the court gives the
admonishments in writing, it must receive a statement signed by the defendant and the defendant's
attorney that the defendant understands the admonishments and is aware of the consequences of
his guilty plea. Id.

 When a trial court substantially complies with article 26.13, a prima facie case is
established that the defendant entered a knowing and voluntary guilty plea. Hughes v. State, 833
S.W.2d 137, 139 (Tex. Crim. App. 1992). The defendant must then show that, despite the proper
written warnings, he did not understand the consequences of his plea and that he was misled or
harmed by the court. Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994,
no pet.).

 In these causes, the written admonishments specified the correct range of
punishment for the offenses charged. The admonishments included the statement that appellant
understood the consequences of his plea. Appellant and his attorney signed the admonishments. 
We conclude that these written admonishments comply with article 26.13(d). Consequently, to
show reversible error, appellant must show that he did not understand the consequences of his
guilty pleas and that he was misled or harmed by the court. Id. When a defendant indicates at
the plea hearing that he understands the nature of the proceeding and is pleading guilty because
the allegations in the indictment are true and not because of any outside pressure or influence, he
has a heavy burden to prove on appeal that his plea was involuntary. Id.

 Though the trial court, at the plea hearing, once referred to appellant's offenses as
robbery rather than the charged offenses of aggravated robbery, appellant has not demonstrated
that he thought he was pleading guilty to robbery rather than aggravated robbery and has not
shown that he was somehow harmed. The record actually reflects the contrary. Both sets of
written admonishments advised appellant that he was charged with aggravated robbery. Appellant
answered the trial court's questions stating that he had read and understood both indictments
alleging aggravated robbery. In fact, during cross-examination, appellant stated that he
understood that he pleaded guilty to two causes of aggravated robbery.

 The record from the plea proceeding demonstrates that appellant was properly
admonished, gave appropriate responses to the trial court's inquiries, and gave no indication that
his plea was not free and voluntary. He stated that he understood the proceedings and that he was
pleading guilty solely because he was guilty. Appellant has failed to sustain his burden on appeal. 
Appellant's point of error is overruled.

 We affirm the judgments of conviction.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed on Both Causes

Filed: March 13, 1996

Do Not Publish

1.   The indictment in cause number 03-94-594-CR alleged that on or about April 8,
1993, appellant, using a gun, robbed the manager of the Dollar Store of Greenville taking
money and checks payable to the Dollar Store. The indictment in cause number 03-94-595-CR alleged that on or about April 10, 1993, appellant, using a gun, robbed an
employee of Belk Department Store of Greenville taking money, checks payable to Belk's,
and credit receipts. 


al court did not ask appellant at the plea hearing whether he had
reviewed and understood the written admonishments. Additionally, appellant contends that at the
plea hearing shortly before the court accepted his guilty pleas, the court incorrectly referred to
the alleged offenses as robbery rather than aggravated robbery, as alleged in the indictments, and
this confused him.

 Before accepting a guilty plea, the trial court shall admonish a defendant of the
range of punishment attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West
1989). When admonishing the defendant, substantial compliance by the trial court is sufficient,
unless the defendant affirmatively shows that he was not aware of the consequences of his plea
and that he was misled or harmed by the court's admonishment. Tex. Code Crim. Proc. Ann.
art. 26.13(c) (West 1989). The court may give the required admonishments either orally or in
writing. Tex. Code Crim. Proc. Ann. art. 26.13(d) (West 1989). If the court gives the
admonishments in writing, it must receive a statement signed by the defendant and the defendant's
attorney that the defendant understands the admonishments and is aware of the consequences of
his guilty plea. Id.

 When a trial court substantially complies with article 26.13, a prima facie case is
established that the defendant entered a knowing and voluntary guilty plea. Hughes v. State, 833
S.W.2d 137, 139 (Tex. Crim. App. 1992). The defendant must then show that, despite the proper
written warnings, he did not understand the consequences of his plea and that he was misled or
harmed by the court. Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994,
no pet.).

 In these causes, the written admonishments specified the correct range of
punishment for the offenses charged. The admonishments included the statement that appellant
understood the consequences of his plea. Appellant and his attorney signed the admonishments. 
We conclude that these written admonishments comply with article 26.13(d). Consequently, to
show reversible error, appellant must show that he did not understand the consequences of his
guilty pleas and that he was misled or harmed by the court. Id. When a defendant indicates at
the plea hearing that he understands the nature of the proceeding and is pleading guilty because
the allegations in the indictment are true and not because of any outside pressure or influence, he
has a heavy burden to prove on appeal that his plea was involuntary. Id.

 Though the trial court, at the plea hearing, once referred to appellant's offenses as
robbery rather than the charged offenses of aggravated robbery, appellant has not demonstrated
that he thought he was pleading guilty to robbery rather than aggravated robbery and has not
shown that he was somehow harmed. The record actually reflects the contrary. Both sets of
written admonishments advised appellant that he was charged with aggravated robbery. Appellant
answered the trial court's questions stating that he had read and understood both indictments
alleging aggravated robbery. In fact, during cross-examination, appellant stated that he
understood that he pleaded guilty to two causes of aggravated robbery.

 The record from the plea proceeding demonstrates that appellant was properly
admonished, gave appropriate responses to the trial court's inquiries, and gave no indication that
his plea was not free and voluntary. He stated that he understood the proceedings and that he was
pleading guilty solely because he was guilty. Appellant has failed to sustain his burden on appeal. 
Appellant's point of error is overruled.

 We affirm the judgments of conviction.


Before Chief Justice Carro