No. 04-98-00001-CR



Roberta TAYLOR,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-3395


Honorable Susan Reed, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: October 21, 1998


AFFIRMED


 Roberta Taylor was indicted for the offense of delivering cocaine and pled nolo contendere
pursuant to a plea bargain with the State. The trial court denied Taylor's application for probation
and deferred adjudication, and sentenced her in accordance with her plea bargain agreement--seven
years confinement and a $1,000 fine. In her sole issue on appeal, Taylor maintains that her guilty
plea was involuntary because it was not taken in compliance with the admonishments required by
Article 26.13 of the Texas Code of Criminal Procedure.

 Specifically, Taylor complains that the trial court failed to properly admonish her concerning
the range of punishment, the possibility of what would occur at sentencing if probation was not
granted, or any of the other requirements of Article 26.13. Furthermore, Taylor contends that the
trial court proceeding was unfair and resulted in a complete miscarriage of justice.(1)

 In determining the voluntariness of a plea, we examine the totality of the circumstances. See
Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994, no pet.). The Code of
Criminal Procedure requires the trial court to admonish a defendant prior to accepting a guilty plea. 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989). Article 26.13 (d) provides that the court
may admonish orally or in writing. See id. If the admonishments are made in writing, then the
defendant and her lawyer must file a statement that the defendant understood the admonition and was
aware of the consequences of her plea. See id. While admonishment on the range of punishment is
required, there is no mandatory duty for a trial judge to admonish a defendant regarding her
eligibility for probation. See Ex Parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986);
Rodriguez v. State, 933 S.W.2d 702, 704 (Tex. App.--San Antonio 1996, pet. ref'd). A plea will
be considered voluntary unless the defendant shows he was unaware of the consequences of his plea
because the trial judge provided him with inaccurate information on the availability of probation,
and that he was misled or harmed by the inaccurate admonishment. See Ex Parte Williams, 704
S.W.2d at 776-7.

 In the instant case, Taylor complains that the trial judge failed to give her the proper
admonishments. However, the record simply does not support this contention. The record indicates
that Taylor and her lawyer went over the court's written admonitions, that she signed and understood
them, and had no questions regarding them. Taylor stated that she was waiving her right to trial by
jury and understood the nature of the charges against her. The trial judge went over the plea bargain
agreement with Taylor. The plea agreement shows that the bargain was for seven years and that the
State would remain silent on Taylor's application for probation and deferred adjudication. There
was never a bargain or guarantee of probation. The trial court admonished Taylor orally that there
was no guarantee that her application for probation would be granted. Taylor acknowledged that she
understood the plea bargain and wanted to follow the agreement she entered into with the State. The
record indicates that the trial court properly admonished Taylor as to the consequences of her plea.

 When the record shows the trial court properly admonished the defendant as to the
consequences of her plea, the record presents a prima facie showing the defendant entered a knowing
and voluntary plea. See Crawford, 890 S.W.2d at 944. The burden then shifts to the defendant to
show the plea was not voluntary. See id. The defendant has to show that he pled guilty without
understanding the consequences of his plea and, as a result, suffered harm. See Fuentes v. State, 688
S.W.2d 542, 544 (Tex. Crim. App. 1985); Hancock v. State, 955 S.W.2d 369, 371 (Tex. App.--San
Antonio 1997, no pet.). 

 In the instant case, the record shows that Taylor entered a knowing and voluntary plea and
understood the consequences of her plea. Taylor complains she was harmed because she was
confronted with the consequence of being sentenced to seven years confinement when she bargained
for probation. The plea bargain agreement, however, was for seven years confinement and the trial
court sentenced Taylor in accordance with that agreement. Because the punishment assessed by the
trial judge was identical to that agreed to by Taylor in the plea bargain agreement, Taylor was not
harmed. See Stubblefield v. State, 659 S.W.2d 496, 499 (Tex. App.--Fort Worth 1983, no pet.).
Thus, we overrule Taylor's issue and affirm the judgment of the trial court.


 Alma L. López, Justice

DO NOT PUBLISH


1. A defendant may always challenge the voluntariness of her plea on appeal. See Flowers v. State, 935 S.W.2d
131, 134 (Tex. Crim. App. 1996).



Return to
4th Court of Appeals Opinions