RANDALL HOWELL V. STATE OF TEXAS

NO. 07-98-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 6, 2001

______________________________

RANDALL HOWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY;

NO. 12697; HONORABLE JAMES O. MULLIN, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Randall Howell appeals from his conviction for aggravated sexual assault of a child, and his sentence of incarceration for 34 years.  He alleges that his guilty plea was involuntary and that he received ineffective assistance of counsel.  We affirm the judgment of the trial court.  

BACKGROUND

Appellant was indicted in Parker County for aggravated sexual assault of a child and for indecency with a child.  The indictment included an enhancement paragraph alleging a prior conviction for burglary of a habitation.  

On January 12, 1998, appellant pled guilty to sexual assault of a child and pled true to the enhancement paragraph.  There was no plea bargain.    

In connection with his guilty plea, appellant signed a written plea admonishment, waiver of rights, and stipulation of evidence whereby he admitted the sexual assault charge and the truth of the enhancement allegation.  The written documents advised appellant of the allowable punishment range.  The trial judge examined appellant as to appellant’s understanding of the matters for which he was indicted, the punishment range and appellant’s understanding of the effect of his plea.  Appellant acknowledged his guilt to the judge, asserted that he was pleading guilty because he was in fact guilty and told the judge that he understood the possible punishment range for sexual assault, enhanced because of his prior felony conviction.  Appellant took the witness stand and testified that he had not been promised anything, he understood that no agreement had been reached with the State in regard to punishment, and he understood that the State was going to try to get “the biggest penalty they can in the penalty hearing.”  His written admonishments, verbal examination by the trial judge, and testimony referenced the punishment for conviction of sexual assault of a child, enhanced, to be incarceration for 15 to 99 years.  Appellant at no time communicated to the trial court that he was expecting or believed that he was eligible for probation.  The trial court did not tell appellant that probation was an available punishment option.   

The trial court, without a jury, held a punishment hearing and heard evidence, including testimony from the victim of appellant’s assault.  The State’s attorneys argued that appellant should be sentenced to 99 years.  Appellant’s counsel argued that the minimum sentence of 15 years should be assessed.  Probation was not sought by appellant’s counsel during punishment summations.  

Appellant was sentenced to incarceration in the Texas Department of Criminal Justice - Institutional Division, for 34 years.  Appellant did not protest his sentence when it was pronounced.  Nor does the record reflect that he made any statement to the trial court or anyone else at any time, including when sentence was pronounced, indicating that he expected or thought probation was a possible punishment.  He expressed no disappointment after hearing his sentence, nor did he state or intimate to the trial court that he would not have pled guilty but for an expectation of probation.    

Appellant filed a Motion for New Trial. No affidavits were attached to the motion.   No hearing was held on the motion, and thus no evidence was adduced as to the allegations made in the motion.  

Appellant seeks reversal of his conviction and sentence via two issues.  His first issue asserts that his guilty plea was involuntary because it was predicated on and induced by misinformation provided to appellant by his attorney: that appellant was eligible for probation, when the laws of Texas did not authorize probation.  By his second issue, appellant urges that he received ineffective assistance of counsel because his attorney failed to provide a meaningful explanation of the sentencing consequences of his guilty plea; that is, his attorney informed appellant that appellant was eligible for probation when appellant was not eligible.  We will address the issues in the order presented by appellant. 

I.  INVOLUNTARY GUILTY PLEA

A. Law

A guilty plea must be entered into voluntarily and freely.  
Tex. Crim. Proc. Code Ann.
 art 26.13(b) (Vernon 1989); 
Flowers v. State
, 935 S.W.2d 131, 132-33 (Tex.Crim. App. 1996).  If a defendant’s decision to plead guilty is based on erroneous advice of counsel, the plea is not made voluntarily and knowingly.  
Ex parte Battle
, 817 S.W.2d 81, 83 (Tex.Crim.App. 1991).   When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, the voluntariness of the plea is determined by (1) whether, in giving the advice, counsel conducted himself within the range of competence required of attorneys in criminal cases and if not, (2) whether a reasonable probability exists that, but for counsel's errors, the defendant would not have entered the plea, but would have insisted on going to trial.  
Ex parte Morrow
, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997), 
citing
 
Hill v. Lockhart
, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, (1985);  
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);  and 
McMann v. Richardson
, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). 

If the trial judge properly admonishes the defendant before the defendant pleads guilty, there is a 
prima facie
 showing that the plea is knowing and voluntary.  
Fuentes v. State
, 688 S.W.2d 542, 544 (Tex.Crim.App. 1985). The defendant then has the burden to prove that he did not understand the consequences of his plea. 
 
Id
.  Moreover, if the defendant asserts at the plea hearing that he understands the nature of the proceedings, the indictment allegations are true, and he is not pleading due to any outside influence, then the defendant has a heavy burden at the appellate level to prove that his plea was involuntary.  
Crawford v. State
, 890 S.W.2d 941, 944 (Tex.App.--San Antonio 1994, no pet.).
 
 

B.  Analysis

Appellant relies on 
Ex parte Kelly
, 676 S.W.2d 132 (Tex.Crim.App. 1984) to support his claim that his plea was involuntary.  In 
Kelly
, the defendant was informed by his attorney that he would get defendant off on probation; therefore, defendant pled guilty.  
Id
.  The attorney also told defendant’s mother and brother that he would apply for shock probation.  
Id
. at 134.  The attorney filed an application for probation, which appellant signed.  Defendant’s attorney apparently knew that the defendant was ineligible, but he believed the trial judge would give the defendant probation anyway.  
Id
.  When the defendant was sentenced to ten years without probation he appealed.  
Id
.  The Court of Criminal Appeals held that since the defendant was misled to his detriment, the plea was involuntary.  
Id
. at 135.

In this case there is no evidence in the record which demonstrates that appellant’s counsel erroneously informed appellant that he was eligible for probation.  Nor is there evidence that appellant based his decision to plead guilty on such alleged misinformation, or in reasonable probability would have insisted on going to trial but for such alleged misinformation.  
See
 
Ex parte Morrow
, 952 S.W.2d at 536.  The only reference to probation in the record indicates that at one time appellant’s attorney asked for a pre-sentence investigation, and stated that probation would be sought.  However, the reference to probation took place after appellant had been admonished, testified that he understood that the State intended to seek the maximum penalty of 99 years, understood that the punishment for the enhanced charge was 15 years to 99 years and after appellant assured the judge that no promises had been made to him.  As noted above, appellant did not protest his failure to receive a probated sentence and did not assert by affidavit or testimony that his attorney misinformed him or that he at any time believed or relied on a belief that he was eligible for probation.  The only references to misinformation by appellant’s attorney or reliance by appellant on a belief that he was eligible for probation are allegations in the Motion for New Trial and in appellant’s brief.
(footnote: 1)  Mere allegations of misinformation do not comprise proof that appellant’s attorney misinformed him about probation eligibility or that such misinformation affected appellant’s plea.  
There is no evidence in the record that appellant’s trial attorney informed appellant before the guilty plea that he would be eligible for probation and no evidence that appellant relied on information or a belief that he was eligible for probation when he chose to plead guilty. Appellant failed to meet his burden of proving that his plea was involuntary.  
See
   
Fuentes
, 688 S.W.2d at 544;  
Crawford
, 890 S.W.2d at 944.
 
 
We overrule appellant’s first issue.

II.  INEFFECTIVE ASSISTANCE OF COUNSEL

A.  Law

We are obligated to follow United States Supreme Court precedent on matters of federal constitutional law.  
Hernandez v. State
, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999).
 
When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  
See
 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  Under the first prong of the 
Strickland
 test, an appellant must show that counsel's performance was "deficient."  
Strickland
, 466 U.S. at 687.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  
Id
.  Appellant must prove both prongs of 
Strickland
 by a preponderance of the evidence in order to prevail.  
McFarland v. State
, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).
 

 
A defendant asserting ineffective assistance must present a record with evidence proving the allegations on which the ineffective assistance claim is based.  If the record is silent as to those allegations, then an appellate court would have to speculate as to the matters alleged. A decision based on speculation would be based on no evidence
.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
 

B.  Analysis

Appellant does not cite any part of the record in support of his second issue.  Rather, he asserts “as stated in Point of Error Number One” that his attorney informed appellant that appellant was eligible for probation and requested a pre-sentence report from the court.  Appellant then asserts that it can be “presumed” that his decision to plead guilty would be affected by knowledge of eligibility for probation.  Appellant additionally posits, without citation to the record for evidentiary support, that the probability is he would have chosen a jury trial and the full adversarial process had he not believed that he was eligible for probation.  
See
 
Tex. R. App. P
. 38.1(h).  Nevertheless, we have examined the record for evidence of such a probability, and have found none.     

We have previously addressed the absence of evidence that (1) appellant’s counsel informed appellant that he would be eligible for probation and (2) 
appellant relied on information or a belief that he was eligible for probation when he chose to plead guilty.  When the burden is on appellant to prove his allegations, as it is, a silent record cannot carry that burden.  
See
 
Jackson
, 877 S.W.2d at 771
.  

We may not indulge in the presumptions urged by appellant, and we may not speculate; we must base our decisions on evidence which is appellant’s burden to present, 
see
 
Strickland
, 466 U.S. at 687
; 
McFarland
, 845 S.W.2d at 842, and to point out.  
See
 
Tex. R. App. P.
 38.1(h).  
Appellant has not presented a record with such evidence.  We overrule appellant’s second issue.

CONCLUSION

Having overruled both of appellant’s issues, we affirm the judgment of the trial court.  

Phil Johnson

    Justice

Do not publish.   

FOOTNOTES
1:
Appellant does not assert as part of his issue that the trial court improperly admonished him as to the range of punishment.  To the extent the question is raised in appellant’s brief, we do not find evidence in the record which would have created a duty in the trial court to admonish appellant that he was not eligible for probation.  
See
 
Ex parte Williams
, 704 S.W.2d 773, 775-77 (Tex.Crim.App. 1986).