NO. 07-00-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 12, 2001

_____

MITCHELL RAY RODGERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F-9343098-RK; HONORABLE J. ZIMMERMANN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this case, appellant Mitchell Ray Rodgers was indicted for the offense of burglary
of a building, enhanced by two prior felony convictions. On January 24, 1994, he entered
a plea of guilty and was granted deferred adjudication community supervision for a period
of ten years. On September 24, 1999, the trial court proceeded to adjudicate appellant's
guilt and assessed his punishment at 20 years confinement in the Institutional Division of

the Department of Criminal Justice. From a general notice of appeal, appellant now challenges that sentence. In doing so, he raises three issues for our decision. In those issues, he asserts: 1) his plea of guilty was involuntary because his trial counsel did not render effective assistance; 2) he was denied due process because the "trial judge's statements indicated predisposition towards the matter, depriving appellant of a neutral and detached hearing body," and 3) his plea of guilty "must be presumed involuntary, for there is no record of the existence of a voluntarily signed judicial confession, and the appellant's lack of any plea of true on the record, coupled with the Court's obvious acceptance of said phantom pleas, made such pleas clearly involuntary." We dismiss for want of jurisdiction.

A defendant ordinarily may not appeal the trial court's determination to proceed to adjudicate guilt after a deferment. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001) (no appeal may be taken from the determination to proceed with a determination of guilt); *Brown v. State*, 896 S.W.2d 327, 328 (Tex.App.--Houston [1st Dist.] 1995, pet. denied). Furthermore, in cases in which the adjudication arises from a defendant's plea of guilty or nolo contendere, and the punishment does not exceed the recommendation by the prosecutor, the notice must also state that: 1) it is for a jurisdictional defect; 2) it is for matters raised by written motion before trial; or 3) the trial court granted permission to appeal. Tex. R. App. P. 25.2(b).

2

Appellant's notice of appeal does not satisfy these requirements. Citing *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App. 1999), the State posits that because of that lack, and the fact that appellant did not raise the question of the ineffectiveness of his trial counsel in an appeal at the time he was placed on deferred adjudication, he may not now raise that question. In *Manuel*, the relevant holding was that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Id.* at 662.

We also note the recent holding in *Cooper v. State,* 45 S.W.3d 77 (Tex.Crim.App. 2001), that in an appeal from a plea bargained felony conviction in which the judgment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the voluntariness of his guilty plea may not be raised. *Id.* at 83. In *Crawford v. State*, 890 S.W.2d 941 (Tex.App.--San Antonio 1994, no pet.), the court held that a plea bargain agreement that did not encompass an agreed recommendation as to punishment did not fall within the parameters of Rule of Appellate Procedure 40(b)(1), the progenitor of present Rule 25.2(b)(3), and a general notice of appeal was sufficient to invoke the appellate court's jurisdiction. *Id.* at 943. However, in *Vidaurri v. State*, 49 S.W.3d 880 (Tex.Crim.App. 2001), the court considered a plea bargain in which there was a plea bargained recommendation for deferred adjudication but there was no recommendation as to punishment. In that case, the court opined, even without a State recommendation as to punishment, the defendant's knowledge that he was

subject to punishment within the range allowed by law meant the punishment did not exceed that recommended by the prosecutor and Rule 25.2(b)(3) was applicable.

It is in the light of those decisions that we examine the procedural history of this case. We must first consider appellant's initial contention that he never actually entered a plea, either to the charged offense or to the alleged enhancement offenses, because if he never entered a plea, there would be no valid judgment for us to consider. The record shows a written instrument styled "Waiver of Jury-Felony Plea of Guilty/Nolo Contendere/Indictment/Information." That document contains some eight printed warnings and explanations of the defendant's rights and the effect of a waiver of those rights. It also contains a recitation that "I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein." It also contains an acknowledgment by which a check mark is placed. That acknowledgment reads, "I am guilty of the offense of **Burglary of a Building.**" The instrument is signed by appellant and his lawyer. The instrument also contains a certificate by the trial judge certifying that he has warned appellant of "the consequences of the plea entered herein." The judge further certifies that he "finds such **plea**, and all waivers, agreements and consents contained herein to be freely and voluntarily made and accepts the Defendant's plea" (emphasis added). The record is amply sufficient to negate appellant's claim that he never actually entered a guilty plea.

With regard to appellant's claim that he did not enter a plea on the enhancement paragraphs, the reporter's record reveals that during the course of the plea hearing and prior to the time that the trial court announced that it was accepting appellant's plea of guilty, the following colloquy occurred:

Court: Do you want to offer in State's exhibit number 2, being the defendant's signed plea of true in both cases?

Prosecutor: Yes, sir, I do.

The exhibit was then received into evidence without objection. The record is sufficient to establish that appellant did enter a plea to the enhancement paragraphs.

With regard to any question whether the plea was the result of a plea bargain, the record contains an instrument denominated "Plea Bargain Agreement," which is signed by appellant, his counsel, and the prosecutor. It contains a check by paragraphs providing that appellant would plead guilty and testify. It also contains a paragraph providing, "[a]dditional provisions of the agreement are:" This paragraph contains the following handwritten notation, namely, "Open plea - for probation & drug rehabilitation." This instrument is also signed by the prosecutor, appellant and his attorney. This record is sufficient to establish that a plea bargain was struck that appellant would plead guilty and the State would not oppose a plea for probation with drug rehabilitation. Under the instruction of *Vidaurri*, this agreement is sufficient to limit our jurisdiction to consider

5

appellate issues to those stated in a notice of appeal complying with the requirements of Rule of Appellate Procedure 25.2(b).

We have not overlooked the State's contention that although we should affirm appellant's conviction, we should remand this case for a new punishment hearing because the sentence was outside the applicable range of punishment. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2001). In pursuance of that request, the State points out that appellant pled true, and the court found true, the enhancement allegations. That being so, the applicable range of punishment was not less than 25 nor more than 99 years. *See* Tex. Penal Code § 12.42(d) (Vernon Supp. 2001). Because the sentence assessed by the trial court is less than the minimum prescribed, the State contends that portion of the court's judgment is void. *See Heath v. State*, 817 S.W.2d 335, 336 (Tex.Crim.App. 1991). However, for the reasons we have stated, appellant's notice of appeal was ineffective and, because the State did not file a notice of appeal, we have no jurisdiction to consider its contention.

Accordingly, for the reasons we have recounted, this appeal must be, and is, dismissed for want of jurisdiction.

John T. Boyd
Chief Justice

Do not publish.

6