Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



STEPHEN SPINKS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00127-CR


Appeal from the


210th District Court


of El Paso County, Texas


(TC# 20010D06375)


MEMORANDUM OPINION


 Stephen Spinks was indicted for possessing four grams or more but less than two
hundred grams of cocaine. The indictment also alleged that he had previously been
convicted of possessing more than five pounds but less than fifty pounds of marijuana. 
Spinks entered open pleas of no contest and true to the allegations in the indictment. He
was convicted and sentenced by the trial court to ten years and one day in prison. In two
points of error, Spinks argues that his plea was involuntary. We affirm.

Factual and Procedural Background

 According to the testimony at a suppression hearing, the police found Spinks in a
motel room with a thirteen-year-old girl, crack cocaine, and drug paraphernalia. Spinks
testified that the girl was the daughter of a friend and that he had gone to the motel to give
her a ride home. He stated, "[M]y decisions that I make are very--not too, not too bright. 
I take, I take (inaudible), too. I think sometimes it alters my decision-making." The trial
court denied the motion to suppress.

 The court conducted the plea hearing immediately after the suppression hearing. 
Spinks signed a waiver of jury trial. In response to questions from the court, Spinks
indicated that he was aware of his constitutional right to a jury trial, that he had discussed
the waiver with his attorney, and that the waiver was not induced by any promises. The
court informed Spinks of the punishment range and of his rights to remain silent, to
confront witnesses, and to a unanimous jury verdict. The court also determined that
Spinks was a United States citizen and that there was no plea agreement. After these
admonishments and determinations, the court found Spinks guilty and proceeded to the
punishment hearing.

 At the punishment hearing, Spinks made the following statements to the court: 

 Your Honor, sir, I went there with intentions to give a ride home. I went
into a mess. She was already high when I got there. I can't--you know, I
should have got out. I should have just went in and right out, but I made
some bad decisions in my life. I'm not a violent person. I care about
people. I just make bad decisions.


 [Defense Counsel:] Tell him about . . . the medication you're taking and the
reason you're taking it.


 I've been diagnosed--not manic-depressive, but I have severe depression. I
take Avenpyl and Celxa. I take medication for seizures and convulsions. 
I've had a head injury where my head's been fractured before. That might
have something to do with some of the decisions I make, but I just ask that
you have mercy on me.


After these statements, the court asked defense counsel whether he doubted Spinks's
competency. Counsel stated that he believed Spinks was competent. The following then
occurred:

 [Defense Counsel:] We discussed the case in great detail, and he has been
able to assist me in explaining his side of the story. And I believe he
understands the situation that he's in. Don't you? You understand . . .
what's going on and what you're doing?


 [Spinks:] Yes.


 [The Court:] Yes, sir?


 [Spinks:] Yes, sir, Your Honor.


Discussion


 In his first point of error, Spinks argues that his no contest plea was not voluntary
because his head injury and the medications he was taking affected his judgment. In his
second point of error, he argues that the trial court erred by accepting his plea because
there was evidence that it was not voluntary. We will consider these issues together.

 A basic tenet of due process is that a plea of guilty or no contest must be voluntary. 
Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985); see also Stone v. State,
919 S.W.2d 424, 426 (Tex. Crim. App. 1996) (noting that a no contest plea has the same
legal effect as a guilty plea). This due process requirement has been codified in article
26.13 of the Texas Code of Criminal Procedure. Evans, 690 S.W.2d at 276. Article
26.13 requires a trial court to give certain admonishments to a defendant who is pleading
guilty or no contest. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp.
2003).

 Proper admonishment by the trial court creates a prima facie showing that a plea
was voluntary. Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.--San Antonio 1994,
no pet.). The burden then shifts to the defendant to prove that he did not understand the
consequences of his plea. Id. We examine the record as a whole to determine whether a
plea was voluntary. Brown v. State, 11 S.W.3d 360, 362 (Tex. App.--Houston [1st Dist.]
2000, pet. ref'd).

 Spinks notes that although there are documents containing the article 26.13
admonishments in the clerk's record, those documents were not signed by him or his
attorney. He argues that the unsigned documents indicate that the proceedings were
somehow irregular. We disagree. The admonishments may be given orally or in writing. 
Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989). As described above, the trial
court orally gave Spinks all the admonishments that were relevant to this case. See id. art.
26.13(a) (Vernon Supp. 2003). Spinks therefore has the burden of proving that he did not
understand the consequences of his plea. See Crawford, 890 S.W.2d at 944.

 Spinks argues that his statements at the punishment hearing show that he did not
believe he was guilty. Instead, he was simply in the wrong place at the wrong time. 
Assuming the statements constitute evidence that Spinks did not believe he was guilty, we
nevertheless find them insufficient to demonstrate that his plea was involuntary. The
validity of a no contest plea does not depend on the defendant's belief or admission that
he is guilty. See Stone, 919 S.W.2d at 426-27; cf. Hernandez v. State, 885 S.W.2d 597,
602 (Tex. App.--El Paso 1994, no pet.) (holding that when a defendant has waived a jury,
the trial court is not required to make a sua sponte withdrawal of a guilty plea if evidence
of innocence is presented).

 Finally, Spinks argues that his statements during the punishment hearing show that
his prior injury and the medications he was taking affected his ability to make decisions. 
He also argues that the trial court should have asked him how recently he had taken the
medications and whether the medications had side effects.

 Spinks's bare assertion that the medications or the injury "might have something to
do with" the decisions he has made is insufficient to satisfy his burden of proving that he
did not understand the consequences of his plea. Considered in context, it is apparent that
Spinks made the assertion to persuade the court to be lenient in sentencing. It also
appears that Spinks was referring to some of the prior decisions he had made, not his
decision to plead no contest. The trial court responded to the assertion by inquiring about
Spinks's competency. Counsel's response indicated that Spinks met the test of
competency. See Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a) (Vernon Supp. 2003)
(stating that a defendant is incompetent to stand trial if he does not have the ability to
consult with his lawyer with a reasonable degree of rational understanding or a rational
and factual understanding of the proceedings against him). Spinks affirmed that he
understood "what [was] going on and what [he was] doing." Moreover, the court had
observed Spinks testify lucidly at the suppression hearing earlier in the day. See
McDaniel v. State, 98 S.W.3d 704, 712 (Tex. Crim. App. 2003) (noting that a defendant's
clear and lucid testimony has often been viewed as important in determining that he is
competent to stand trial). Under these circumstances, we find no error. The two points
are overruled.

Conclusion

 We overrule both of Spinks's points of error and affirm the judgment of
conviction.


 SUSAN LARSEN, Justice

June 12, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)