NO. 07-04-0530-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 2, 2005



______________________________



STEPHEN ALLEN BEARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,044-A; HONORABLE HAL MINER, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and his
attorney both have signed the document stating that appellant withdraws his appeal. Tex. R.
App. P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 James T. Campbell

 Justice


Do not publish.



In this case, appellant Mitchell Ray Rodgers was indicted for the offense of burglary
of a building, enhanced by two prior felony convictions. On January 24, 1994, he entered
a plea of guilty and was granted deferred adjudication community supervision for a period
of ten years. On September 24, 1999, the trial court proceeded to adjudicate appellant's
guilt and assessed his punishment at 20 years confinement in the Institutional Division of
the Department of Criminal Justice. From a general notice of appeal, appellant now
challenges that sentence. In doing so, he raises three issues for our decision. In those
issues, he asserts: 1) his plea of guilty was involuntary because his trial counsel did not
render effective assistance; 2) he was denied due process because the "trial judge's
statements indicated predisposition towards the matter, depriving appellant of a neutral
and detached hearing body," and 3) his plea of guilty "must be presumed involuntary, for
there is no record of the existence of a voluntarily signed judicial confession, and the
appellant's lack of any plea of true on the record, coupled with the Court's obvious
acceptance of said phantom pleas, made such pleas clearly involuntary." We dismiss for
want of jurisdiction.

 A defendant ordinarily may not appeal the trial court's determination to proceed to
adjudicate guilt after a deferment. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon
Supp. 2001) (no appeal may be taken from the determination to proceed with a
determination of guilt); Brown v. State, 896 S.W.2d 327, 328 (Tex.App.--Houston [1st Dist.]
1995, pet. denied). Furthermore, in cases in which the adjudication arises from a
defendant's plea of guilty or nolo contendere, and the punishment does not exceed the
recommendation by the prosecutor, the notice must also state that: 1) it is for a
jurisdictional defect; 2) it is for matters raised by written motion before trial; or 3) the trial
court granted permission to appeal. Tex. R. App. P. 25.2(b). 

 Appellant's notice of appeal does not satisfy these requirements. Citing Manuel v.
State, 994 S.W.2d 658 (Tex.Crim.App. 1999), the State posits that because of that lack,
and the fact that appellant did not raise the question of the ineffectiveness of his trial
counsel in an appeal at the time he was placed on deferred adjudication, he may not now
raise that question. In Manuel, the relevant holding was that "a defendant placed on
deferred adjudication community supervision may raise issues relating to the original plea
proceeding such as evidentiary sufficiency, only in appeals taken when deferred
adjudication community supervision is first imposed." Id. at 662. 

 We also note the recent holding in Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App.
2001), that in an appeal from a plea bargained felony conviction in which the judgment
assessed by the trial court does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the voluntariness of his guilty plea may not be
raised. Id. at 83. In Crawford v. State, 890 S.W.2d 941 (Tex.App.--San Antonio 1994, no
pet.), the court held that a plea bargain agreement that did not encompass an agreed
recommendation as to punishment did not fall within the parameters of Rule of Appellate
Procedure 40(b)(1), the progenitor of present Rule 25.2(b)(3), and a general notice of
appeal was sufficient to invoke the appellate court's jurisdiction. Id. at 943. However, in
Vidaurri v. State, 49 S.W.3d 880 (Tex.Crim.App. 2001), the court considered a plea
bargain in which there was a plea bargained recommendation for deferred adjudication but
there was no recommendation as to punishment. In that case, the court opined, even
without a State recommendation as to punishment, the defendant's knowledge that he was
subject to punishment within the range allowed by law meant the punishment did not
exceed that recommended by the prosecutor and Rule 25.2(b)(3) was applicable.

 It is in the light of those decisions that we examine the procedural history of this
case. We must first consider appellant's initial contention that he never actually entered
a plea, either to the charged offense or to the alleged enhancement offenses, because if
he never entered a plea, there would be no valid judgment for us to consider. The record
shows a written instrument styled "Waiver of Jury-Felony Plea of Guilty/Nolo
Contendere/Indictment/Information." That document contains some eight printed warnings
and explanations of the defendant's rights and the effect of a waiver of those rights. It also
contains a recitation that "I do further admit and judicially confess that I am the person
named in the charging instrument and that I understand the charge contained therein." It
also contains an acknowledgment by which a check mark is placed. That acknowledgment
reads, "I am guilty of the offense of Burglary of a Building." The instrument is signed by
appellant and his lawyer. The instrument also contains a certificate by the trial judge
certifying that he has warned appellant of "the consequences of the plea entered herein."
The judge further certifies that he "finds such plea, and all waivers, agreements and
consents contained herein to be freely and voluntarily made and accepts the Defendant's
plea" (emphasis added). The record is amply sufficient to negate appellant's claim that he
never actually entered a guilty plea.

 With regard to appellant's claim that he did not enter a plea on the enhancement
paragraphs, the reporter's record reveals that during the course of the plea hearing and
prior to the time that the trial court announced that it was accepting appellant's plea of
guilty, the following colloquy occurred: 

 Court: Do you want to offer in State's exhibit number 2, being the
defendant's signed plea of true in both cases?


 Prosecutor: Yes, sir, I do.


The exhibit was then received into evidence without objection. The record is sufficient to
establish that appellant did enter a plea to the enhancement paragraphs.

 With regard to any question whether the plea was the result of a plea bargain, the
record contains an instrument denominated "Plea Bargain Agreement," which is signed by
appellant, his counsel, and the prosecutor. It contains a check by paragraphs providing
that appellant would plead guilty and testify. It also contains a paragraph providing, 
"[a]dditional provisions of the agreement are:" This paragraph contains the following
handwritten notation, namely, "Open plea - for probation & drug rehabilitation." This
instrument is also signed by the prosecutor, appellant and his attorney. This record is
sufficient to establish that a plea bargain was struck that appellant would plead guilty and
the State would not oppose a plea for probation with drug rehabilitation. Under the
instruction of Vidaurri, this agreement is sufficient to limit our jurisdiction to consider
appellate issues to those stated in a notice of appeal complying with the requirements of
Rule of Appellate Procedure 25.2(b). 

 We have not overlooked the State's contention that although we should affirm
appellant's conviction, we should remand this case for a new punishment hearing because
the sentence was outside the applicable range of punishment. See Tex. Code Crim. Proc.
Ann. art. 44.29(b) (Vernon Supp. 2001). In pursuance of that request, the State points out
that appellant pled true, and the court found true, the enhancement allegations. That
being so, the applicable range of punishment was not less than 25 nor more than 99 years. 
See Tex. Penal Code § 12.42(d) (Vernon Supp. 2001). Because the sentence assessed
by the trial court is less than the minimum prescribed, the State contends that portion of
the court's judgment is void. See Heath v. State, 817 S.W.2d 335, 336 (Tex.Crim.App.
1991). However, for the reasons we have stated, appellant's notice of appeal was
ineffective and, because the State did not file a notice of appeal, we have no jurisdiction
to consider its contention.

 Accordingly, for the reasons we have recounted, this appeal must be, and is,
dismissed for want of jurisdiction.


 John T. Boyd

 Chief Justice


Do not publish.