# NO. 12-08-00076-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEONICIO CASTENADA ALFARO,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Leonicio Castenada Alfaro appeals from his conviction for indecency with a child. In one issue, he argues that the trial court should have set aside his plea of no contest. We affirm.

### BACKGROUND

Appellant pleaded no contest to the offense of indecency with a child in 1996. The trial court deferred adjudication of his guilt and placed him on community supervision. Appellant reported to his community supervision officer one time, and then did not report again. The trial court issued a warrant for his arrest. In 2007 Appellant was stopped for a traffic offense in Ellis County, Texas. A check revealed the warrant, and Appellant was returned to Henderson County.

Back in the trial court, Appellant moved to set aside his no contest plea. He argued that his plea was involuntary because he did not speak English and did not understand the proceedings in 1996. The trial court held a hearing and denied Appellant's motion. The trial court then found Appellant guilty and assessed punishment at imprisonment for three years. This appeal followed.

## VOLUNTARINESS OF PLEA

In one issue, Appellant argues that his plea of no contest was involuntary and that the trial court should have set aside his plea.

### Applicable Law

The right to due process is violated if a trial court accepts a guilty plea without an "affirmative showing 'spread on the record' that the guilty plea was intelligently and knowingly made." *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008) (quoting *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274). Texas law imposes additional requirements on a trial court, including that a defendant be advised of the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp. 2008). A failure to give these admonishments is not an error of constitutional dimension, and is subject to harmless error analysis. *See Fuller*, 253 S.W.3d at 229; *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007).

A record reflecting that a defendant was properly admonished is prima facie evidence of a knowing and voluntary guilty plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). In such a case, the burden shifts to the appellant to show that, notwithstanding the statutory admonishments, he or she did not understand the consequences of the plea. *Id.* We look at the record as a whole when considering the voluntariness of a plea. *Id.*

### Analysis

The record shows that Appellant signed the customary plea forms, which included a specific recitation of and waiver of his constitutional rights. Appellant does not argue that he did not receive a specific admonishment or that the plea hearing did not meet the general requirements of either the U.S. Constitution or Texas law. Instead, he argues that he did not understand the English language and as a result did not understand the consequences of his plea.[1]

Appellant's trial counsel, his community supervision officer, and an interpreter from the original proceeding all testified. None were able to remember the specific proceeding, but all testified as to the nature of the proceedings in 1996 and testified that the trial court judge would not

---

[1] Ordinarily a plea bargaining defendant cannot raise the issue of involuntariness of his plea in a direct appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001). The trial court granted Appellant permission to appeal in this case.

have accepted an involuntary plea. Appellant testified that he did not understand the proceedings and had not intended to plead no contest to the offense.

The trial court was presented with what was essentially a credibility contest. After considering the evidence, the trial court found that Appellant had not shown that his plea was involuntary. The trial court stated that it appeared that "other than [Appellant's] assertion that he didn't understand, that the record, everything in the record indicates regularity in this proceeding." Citing *Crawford v. State*, 890 S.W.2d 941, 944 (Tex. Crim. App. 1994), Appellant concedes that he bore the burden of proof to show that he did not understand the consequences of his plea. The trial court is the finder of fact in this proceeding, and it found that Appellant did not meet his burden to prove that his plea was involuntary.

This conclusion is supported by the record. For example, Appellant testified that he had understood his guilty plea to an unrelated misdemeanor driving while intoxicated offense that occurred around the time of his plea in this case. The only difference Appellant could identify between the pleas was that there were more consequences to the plea in this case. He also testified that the interpreter and his attorney did not go through the plea papers for this case with him before he signed them or that he could not remember it if they did. This testimony was either contrary to the interpreter's and the attorney's testimony about how they handled cases, or evidence that the documents had been explained to him and he had forgotten it. Finally, Appellant signed various documents in at least five places, and there were instances where the plea papers were marked up, indicating ongoing negotiations at the time of the plea. Specifically, the length of community supervision was shortened from ten years to seven, the days in jail as a condition of community supervision was revised from forty-five days to thirty, and the plea itself was changed from guilty to no contest. These changes were initialed by Appellant's counsel and not by him, but are at least circumstantial evidence of Appellant's involvement in the process.

Because the trial court's finding that Appellant did not show that his plea was involuntary is supported by the record, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

3

<u>  BRIAN HOYLE  </u>
Justice

Opinion delivered December 23, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4