**Burley Herbert HANCOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–96–00949–CR, 04–96–00950–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 24, 1997.

Clay B. Steadman, Law Offices of Jesko & Steadman, Kerrville, for Appellant.

E. Bruce Curry, Dist. Atty., Margaret R. Whitbeck, Student Atty., Kerrville, for Appellee.

Before HARDBERGER, C.J., and GREEN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

Burley Herbert Hancock pled guilty to two counts of burglary of a habitation. In two points of error, he challenges the voluntariness of his plea. Finding no error, we affirm.

### Facts

Hancock's guilty plea took place October 17, 1996. He was appointed counsel that morning. Over the course of approximately three hours, counsel for Hancock engaged in negotiation with the State and advised Hancock regarding the State's plea offer. Upon waiving his right to have his case presented to a grand jury, Hancock was charged by information with two counts of burglary of a habitation. Hancock pled guilty to both counts. The court administered both written and oral admonishments and inquired of Hancock whether he understood the consequences of his plea and whether he entered the plea voluntarily. Hancock signed the "Plea of Guilt, Waivers, Stipulations of Evidence and Admonishments." Upon acceptance of Hancock's plea, the court sentenced him to eight years confinement for each count, with the sentences to run concurrently.

### Standard of Review

A guilty plea is valid if made both voluntarily and intelligently. *Meyers v. State*, 623 S.W.2d 397, 401 (Tex.Crim.App. [Panel Op.] 1981). In determining the volun-

tariness of a plea, we examine the totality of the circumstances. *Crawford v. State*, 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). Where the record indicates that the trial court properly admonished the defendant, there exists a prima facie showing of voluntariness and knowledge. *Id.* The burden then shifts to the defendant to show that he pled guilty without understanding the consequences of his plea and, as a result, suffered harm. *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App.1985); *Crawford*, 890 S.W.2d at 944.

## Discussion

In two points of error, Hancock contends his plea was not knowing and voluntary. First, he claims he lacked a complete understanding of the charges he faced and of the consequences of pleading guilty. He argues that he had little time to make his decision and that he made it out of fear of a potentially higher penalty if he did not plead at that time. Second, Hancock contends the trial court erred when it failed to properly admonish him of his rights. In particular, he argues that the court's written admonishment as to the range of potential punishment, which he signed, was inadequate to satisfy the statutory requirements pertaining to admonishment. If the trial court properly admonished Hancock of his rights, then the burden shifts to him to show that he suffered harm. We therefore address first the trial court's admonishment.

## 1. The Court's Admonishment

In his second point of error, Hancock contends that the court's admonishment was inadequate. Although he signed a copy of the admonishments and was asked by the court whether his plea was knowing and voluntary, he claims that under the circumstances of his case, written admonishment was inadequate. In reply, the State argues the admonishment was proper because admonishments may be oral or written. Even if the court failed to comply with the specific requirements of admonishment, the State further reasons, substantial compliance is all that is required. We agree with the State's analysis.

Before accepting a defendant's guilty plea, a court must admonish the defendant of the punishment range, that the sentencing recommendation of the State is not binding on the court, of the limited right to an appeal, and of the possibility of deportation. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.1997). In pertinent part, article 26.13(d) of the Texas Code of Criminal Procedure provides that "[t]he court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp.1997).

Hancock argues that under the circumstances of his case, the court should have informed him orally of the potential range of punishment associated with the charged offense. Hancock fails, however, to elaborate on the specific circumstances of this case that would require an oral admonishment. He further maintains that the court failed specifically to inquire orally as to all of the admonishments, waivers, and stipulations that Hancock read and signed. Responding, the State urges that written admonishment sufficed.

The trial court fulfilled the requirements of the statute with written admonishment. The Court of Criminal Appeals has held that an affidavit in the record, signed by the appellant and his counsel and approved by the trial court, may be used as a substitute for the trial court's personal admonishment as to the range of punishment. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim.App.1975). The court further inquired of Hancock during the guilty plea whether he understood his plea and whether he was pleading voluntarily. In totality, the steps taken by the court were more than adequate. *See Edwards v. State*, 921 S.W.2d 477, 481 (Tex.App.—Houston [1st Dist.] 1996, no pet.) (observing the trial court exceeded the requirements of the statute by inquiring orally into voluntariness after receiving defendant's signed statement that he read and understood the court's admonishment).

Even if the trial court had erred in its admonishment, its failure to follow article 26.13 to the letter would not necessarily be fatal. Substantial compliance with the statute by the court is sufficient, unless the defendant affirmatively shows he was unaware of the consequences of his plea and that he was misled or harmed by the court's admonishment. TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon Supp.1997). Incorrect or incomplete admonishments do not invalidate a guilty plea unless the defendant meets his burden of showing harm. *See Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim. App.1985). "It is well settled that 'where there is no showing that a defendant was prejudiced or injured by the failure of the trial court to *fully* comply with Article 26.13 ... that failure to fully comply will not constitute reversible error on appeal.'" *Jamail v. State*, 574 S.W.2d 137, 140 (Tex.Crim.App. 1978) (emphasis original) (citing *Guster v. State*, 522 S.W.2d 494, 495 (Tex.Crim.App. 1975)). We find nothing in the record to support a showing of harm. Accordingly, we overrule Hancock's second point of error.

## 2. Hancock's Understanding of the Charge and of the Consequences of the Plea

In his first point of error, Hancock claims that he failed to understand the nature of the charges against him as well as the consequences of pleading guilty. Hancock notes that he was unable to consult with counsel prior to the morning that he entered his plea, and that he pled guilty on the spot because he "was scared of the consequences if he did not accepted [sic] the pleas immediately." In his opinion, his case was handled in an "intimidating and expeditious manner."

The State replies that because the trial court properly admonished Hancock, there exists a prima facie showing that Hancock's plea was voluntary. They argue, therefore, that Hancock bears the burden of showing harm, and that he fails to meet that burden. The State maintains that discretion to offer reduced sentences, in exchange for guilty pleas, lies with the prosecution, and that Hancock failed to show that he was coerced into the decision he made or that he was incompetent to make it.

As discussed above, the court properly admonished Hancock. Therefore, the burden lies with him to show that he lacked an understanding of his plea and that he was harmed as a result. *Fuentes*, 688 S.W.2d at 544; *Crawford*, 890 S.W.2d at 944. "Further, when a defendant indicates at the plea hearing that he understands the nature of the proceeding and is pleading guilty because the allegations in the indictment are true ... he has a heavy burden to prove on appeal that his plea was involuntary." *Crawford*, 890 S.W.2d at 944.

Hancock cannot carry this burden. At his guilty plea, Hancock stated he understood the nature of the charges he faced. He sat silently while the court inquired of counsel as to his competency and understanding of his rights. He declared comprehension of all the stipulations, admonishments, and waivers he read and signed. Hancock asserted he pled guilty because he was in fact guilty and that he pled both freely and voluntarily. Finally, he confirmed that he understood the plea arrangement.

Entering a plea of guilty in the wake of a plea bargain and in the hope of escaping a higher sentence does not render a plea invalid. *Galvan v. State*, 525 S.W.2d 24, 26 (Tex.Crim.App.1975). "All pleas of guilty are the result of some pressures or influences on the mind of the defendant. ... The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary." *Gaither v. State*, 479 S.W.2d 50, 51 (Tex. Crim.App.1972) (citing *Schnautz v. Beto*, 416 F.2d 214, 215 (5th Cir.1969)). Considering Hancock's heavy burden, and in light of the facts and circumstances of this case, we believe Hancock's plea was both knowing and voluntary. The record supports that he understood the charges against him, his rights, and the consequences of his plea. Further, the record is devoid of any indication of deception, coercion, or incapacity. We overrule Hancock's first point of error.

## Conclusion

We overrule both points of error and affirm the convictions.