Opinion issued April 17, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00314-CR
NO. 01-02-00315-CR




MICHAEL JOSEPH LILLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause Nos. 742879 & 886054
 

 
 
MEMORANDUM OPINION
          Appellant, Michael Joseph Lilley, pleaded guilty to the felony offense of driving
while intoxicated (DWI) and true to a motion to revoke community supervision on
another felony DWI offense, pursuant to an agreed recommendation with the State. 
Punishment was assessed at five years’ confinement in prison, to run concurrently. In
his first two points of error, appellant challenges the denial of his motion to recuse the
trial judge, who, appellant contends, was biased and deprived appellant of due process
of law. In his third point of error, appellant claims his plea was not voluntary. We
affirm.Background
          In 1997, appellant was convicted of DWI in cause number 742879 and placed
on five years’ community supervision with conditions that he pay a $500 fine, serve
10 days in jail, and participate in a treatment program. Thereafter, the State filed a
motion to revoke appellant’s community supervision based on alleged violations of
the terms and conditions of the community supervision. The trial court did not revoke
appellant’s community supervision, but instead amended the terms of appellant’s
community supervision to include 90 days’ confinement and additional community
service. 
          On December 18, 2001, appellant was indicted for felony DWI in cause number
886054. Appellant filed a motion to recuse the trial judge in both cases. Appellant’s
motion alleged the trial court judge refused to consider the entire range of punishment
because the judge “did not like appellant.” It also alleged that appellant’s former trial
attorney told appellant that he was a friend of the judge, who would impose the
maximum sentence if appellant were to fire the attorney. 
          A recusal hearing was held before the Regional Administrative Judge, the
Honorable Olen Underwood, who heard testimony from appellant’s father and sister
and appellant’s former trial counsel. After Judge Underwood denied the motion, as
“not supported by the evidence,” appellant pleaded guilty to DWI and true to the
motion to revoke community supervision. The court granted appellant permission to
appeal rulings on any written motion prior to the plea. Motion to RecuseIn his first and second points of error, appellant asserts that his motion to recuse
the trial judge should have been granted because the trial judge would not consider the
full range of punishment, thereby depriving him of due process. A challenge to the
denial of a motion to recuse is reviewed for abuse of discretion. See Tex. R. Civ. P.
18a(f). If a trial court’s recusal rulings fall within the zone of reasonable
disagreement, an appellate court should not reverse. Wesbrook v. State, 29 S.W.3d
103, 120-21 (Tex. Crim. App. 2000). The fact-finder judges the credibility of
witnesses, and may believe all, none, or part of a witness’s testimony and disregard the
remainder. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).      
          Recusal is appropriate if the movant has provided enough facts to establish that
a reasonable person, knowing all the circumstances involved, would harbor doubts as
to the impartiality of the trial court, but only when the bias is of such a nature and
extent as to deny the movant due process of law. Kemp v. State, 846 S.W.2d 289, 305
(Tex. Crim. App. 1992). A judge’s bias is improper if it stems from an extrajudicial
source resulting in an opinion on the merits on some basis other than what the judge
learned from participating in the case. Id. at 306. 
          At the recusal hearing, appellant’s sister testified to the same information
contained in appellant’s motion to recuse. Appellant’s sister and father testified that
the judge rejected two plea bargain agreements between the defendant and the State.
          However, appellant’s former trial attorney testified that he had no reason to
question the judge’s impartiality and denied the allegations contained in appellant’s
motion to recuse. Appellant’s former trial counsel explained that, because of the
number of technical violations of appellant’s community supervision, the judge stated
that she would not consider reinstatement with rehabilitation and that appellant should
work out his case with the State. According to the attorney, the judge’s opinion was
based on appellant’s performance on community supervision. Judge Underwood, as
the sole trier of fact, was entitled to resolve conflicts in this testimony. See Sharp, 707
S.W.2d at 614. Judge Underwood heard the testimony and evaluated the credibility
of the witnesses. We hold that Judge Underwood did not abuse his discretion by
denying appellant’s motion to recuse the trial judge and therefore hold that appellant
has failed to establish any due process violations. 
          We overrule appellant’s first and second points of error. 

Voluntariness of Plea
          In his third point of error, appellant contends that his plea of guilty was not
entered into freely and voluntarily because the plea was made as a result of
compulsion and duress. When the record reflects that a trial court properly
admonished the defendant, a prima facie showing of voluntariness and knowledge
arises. Hancock v. State, 955 S.W.2d 369, 371 (Tex. App.—San Antonio 1997, no
pet.). Here, appellant received the statutorily-mandated admonishments from the trial
court. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2003). 
Furthermore, appellant does not include any citations to the record to support his
allegation that he was under “compulsion or duress” when he pleaded guilty, and there
was no testimony regarding this issue at appellant’s motion for new trial. Thus,
appellant has not shown that his plea was made under compulsion or duress and,
therefore, has not rebutted the presumption that the plea was voluntarily made. 
          We overrule appellant’s third point of error. 
ConclusionWe affirm the judgment of the trial court.
 
 
Elsa Alcala
                                                                        Justice
 
 
Panel consists of Justices Hedges, Jennings, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).