

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00400-CR

Christina Marie **WOOLARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 19-11-0291-CRA
Honorable Bob Brendel, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: October 6, 2021

AFFIRMED

### BACKGROUND

Through an open plea, appellant Christina Marie Woolard pled guilty to the offense of possession of a controlled substance, penalty group one, in an amount of less than one gram. The trial court accepted Woolard's guilty plea and reset the case for sentencing. Woolard twice failed to appear for sentencing. When she appeared at the third setting, the trial court sentenced her to

two years' confinement. In two issues on appeal, she argues that the trial court failed to properly admonish her and she entered an involuntary plea of guilty.[1] We affirm.

## ANALYSIS

### *Failure to Admonish*

#### *Standard of Review*

Woolard first argues the trial court failed to provide the admonishments required by Texas Code of Criminal Procedure article 26.13. We review such a claim to determine whether the trial court substantially complied with article 26.13 and ask whether the defendant "was not aware of the consequences of his plea and . . . misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c). "When there is insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance, the violation of Article 26.13 comes within the standard of Rule of Appellate Procedure 44.2(b): 'Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006); TEX. CODE CRIM. PROC. art. 26.13; TEX. R. APP. P. 44.2(b).

#### *Applicable Law*

Under article 26.13, prior to accepting a plea of guilty or of nolo contendere, the trial court must warn the defendant that the prosecution's recommendation as to punishment is not binding on it and must ask whether a plea bargain agreement exists. TEX. CODE CRIM. PROC. art. 26.13(a)(2). If a plea bargain agreement exists, then the trial court must indicate whether it will

---

[1] This court abated the appeal after recognizing that the Rule 25.2 certification—which indicated that this was a plea-bargain case and Woolard had waived her right to appeal—did not comport with the record. The trial court then certified that the case "is not a plea-bargain case, and the defendant has the right to appeal." The State, citing *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009), filed a motion to reconsider arguing Woolard entered an open plea but nevertheless waived her right to appeal. In *Broadway*, the State did not initially consent to the defendant's waiver of a jury trial, but the defendant induced the State to consent by specifically waiving his right to appeal. *Id*. at 698. If this was a similar bargained-for open plea, that is not apparent in the record before us.

follow or reject the agreement. *Id.* And if the trial court indicates it will reject the plea bargain agreement, it must also tell the defendant that she can withdraw her plea of guilty or nolo contendere. *Id.* The trial court may make these admonishments either orally or in writing. *Id*. art. 26.13(d).

*Application*

Here, Woolard does not dispute that the trial court provided her with written admonishments that substantially complied with article 26.13. Before she pled guilty, Woolard received written acknowledgements that:

- if convicted, she would face a punishment range of "confinement in state jail for not more than 2 years or less than 180 days;"

- "[i]f no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court";

- "[i]f a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea"; and

- "[s]hould the court reject the agreement, you will be permitted to withdraw your plea if you desire."

Both Woolard and her counsel acknowledged Woolard received a copy of the written admonitions, counsel explained them to her, she understood them, and she was aware of the consequences of her guilty plea. Woolard signed the admonitions after the recital, "I have read this entire document and discussed it fully with my attorney; I understand the document completely, including the Court's Admonishments, and I am aware of the consequences of my plea." We therefore conclude the trial court "substantially complied" with article 26.13.

Woolard argues the trial court accepted her plea of guilty and then rejected her plea bargain agreement with the State without giving her a chance to withdraw her guilty plea. She claims she was misled by the trial court's failure to orally admonish her that in such a circumstance, she could

withdraw her guilty plea. Woolard points to four parts of the record to buttress her argument that she pled guilty pursuant to a plea bargain agreement. First, the trial court characterized the proceeding as a plea bargain during the plea hearing:

> Q. It's my understanding that you're entering into a plea bargain in this case; is that correct?
> A. Yes.
> Q. You understand that you don't have to do a plea bargain if you don't want to. Instead of a plea bargain, you can have a trial. . . . Which would you rather do, a plea or trial in this case?
> A. Plea.

Second, the trial court's written admonitions included the statement: "A plea agreement exists in this cause as set forth in the attached *agreed* punishment recommendations."[2] (emphasis added). Third, the trial court's written order on Woolard's waiver of the right to appeal averred that the trial court had "agreed to assess punishment consistent with the plea agreement[.]" Fourth, the trial court's original Rule 25.2 certification, which it signed on the day Woolard pled guilty, read "this criminal case is a plea-bargain case, and the defendant has no right to appeal" and "the defendant waived the right to appeal." TEX. R. APP. P. 25.2(d).

Woolard claims she relied on these misrepresentations in entering her guilty plea. Nevertheless, Woolard has not made a showing that the mistaken references to a plea bargain agreement contained within the colloquy and plea papers misled or harmed her in any way. Woolard acknowledged that she understood the charge, the range of punishment, the rights she would be waiving by not having a jury trial, and that she had read and understood the "Admonitions to the Defendant for Plea to Court," which included the article 26.13 warnings. The attached *unagreed* punishment recommendations form reflects that the parties had no agreement on

---

[2] The attachment was a form entitled "*UNAGREED* PUNISHMENT RECOMMENDATIONS" which contained the signature of both Woolard and her counsel. (emphasis added).

punishment recommendations—Woolard did not make a punishment recommendation and the State recommended "follow PSI."

After the "plea bargain" colloquy, the trial court learned the parties actually did not have a plea bargain agreement:

> THE COURT: Is this going to be like—Do we know what the punishment is going to be yet?
> [PROSECUTOR]: Your Honor, we have an unagreed punishment. This is going to be an open plea to the Court. I believe defense counsel is asking for a long PSI and we're asking for a reset date for sentencing whenever that PSI can—
> THE COURT: All right.

The trial court accepted Woolard's guilty plea and reset the case for sentencing. At the sentencing hearing, the trial court stated, "we've already done the open plea to the felony and we're here to do the sentencing." The prosecutor also acknowledged that Woolard entered "an open plea." After hearing evidence and argument from both parties, the trial court again recognized that Woolard entered an "open plea," and sentenced her to two years' confinement. Woolard's counsel did not object or otherwise voice any confusion at the initial plea hearing or at the sentencing hearing. *Aguirre-Mata v. State*, 125 S.W.3d 473, 477 (Tex. Crim. App. 2003) (noting appellate court may consult entire record when considering whether error in trial court's guilty plea admonishments affected defendant's substantial rights).

Despite the irregularities in the record of the plea hearing, the record does not support Woolard's contention that she pled guilty pursuant to a plea bargain agreement. *See Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (discussing "charge bargains," "sentence bargains," and "open pleas."); *see also Bowie v. State*, 135 S.W.3d 55, 69 n.11 (Tex. Crim. App. 2004) (Cochran, J., dissenting) (defining "open plea" as "a guilty plea entered without any previous agreement with the government."). Woolard does not point to anything in the record to show the plea bargain agreement she references, and we have not

discovered any such agreement in our independent review. Nor can we conclude the record reflects a misunderstanding between the defense and the prosecuting attorney. The appellate record simply does not support Woolard's contention that she and the State had a plea bargain agreement.

Under these facts, we conclude Woolard has failed to affirmatively show that she was not aware of the consequences of her guilty plea and that she was misled or harmed by the admonishments the trial court provided. *Hancock v. State*, 955 S.W.2d 369, 372 (Tex. App.—San Antonio 1997, no pet.). We therefore overrule Woolard's first argument.

### *Involuntary Guilty Plea*

Woolard next argues that the misrepresentation about the existence of a plea bargain agreement rendered her guilty plea constitutionally involuntary. Alternatively, invoking contract law, she argues the State's breach of the "agreement to agree" had the same effect.

#### *Applicable Law and Standard of Review*

"A criminal defendant who enters a plea of guilty has by definition relinquished his Sixth Amendment rights to a trial by jury and to confront the witnesses against him, as well as his Fifth Amendment privilege against self-incrimination." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013). A guilty plea is constitutionally valid then, only if the defendant has an "actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes[.]" *Id*. The record must affirmatively disclose that the waiver of rights is voluntary, knowing, and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 754–55 (1970).

We look to the entire record to determine if a guilty plea reflects a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Williams v. State*, 522

S.W.2d 483, 485 (Tex. Crim. App. 1975). Record evidence of substantial compliance by the trial court with article 26.13 constitutes a prima facie showing of a knowing and voluntary plea of guilty. *Eatmon v. State*, 768 S.W.2d 310, 312 (Tex. Crim. App. 1989). Faced with this prima facie showing, the burden then shifts to the defendant to demonstrate that her guilty plea was not voluntary. *Id.*; *see also Rodriguez v. State*, 933 S.W.2d 702, 705–06 (Tex. App.—San Antonio 1996, pet. ref'd).

*Application*

Woolard first argues her guilty plea was involuntary because it was based on the misrepresentation that a plea bargain agreement existed. But, as discussed above, the prosecutor corrected that misunderstanding during the plea hearing and again at the sentencing hearing. In addition, Woolard presented no evidence or argument that an agreement on punishment actually existed or that she was confused about the nature or consequences of her open plea of guilty. The record shows Woolard had "actual awareness of the nature and gravity of the charges" against her and "of the constitutional rights and privileges" she relinquished. *Davison*, 405 S.W.3d at 686.

Next, she argues that, even if no traditional plea bargain agreement existed, a court-sanctioned "agreement to agree" on punishment in the future did. Even in civil law, "agreements to agree" are only enforceable if they contain all material terms. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 238 (Tex. 2016); *see Ailey v. State*, No. 02-07-00011-CR, 2008 WL 425642, at *2 (Tex. App.—Fort Worth Feb. 14, 2008, pet. ref'd) (not designated for publication) ("Because there was no plea bargain agreement, but rather only an agreement to agree in the future subject to certain conditions yet to be performed, Appellant's guilty plea in each case was an open plea."). Looking, as we must, at the entire record, we find that references to a plea bargain were mistakes— mistakes that were corrected on the record. As we find no proof for any plea bargain agreement, we find no proof for any "agreement to agree" on punishment recommendations. The record

demonstrates that Woolard entered a plea of guilty "fully aware of the direct consequences" of the plea and the record does not support her claim that the plea was induced by the corrected misrepresentations. *See Brady*, 397 U.S. at 755. We therefore conclude that her guilty plea was "voluntary in a constitutional sense" and overrule Woolard's second argument. *Bousley v. United States*, 523 U.S. 614, 619 (1998).

## CONCLUSION

Having overruled both of Woolard's appellate arguments, we affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH