Paul D. DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–01331–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1993.

Jim Heaney, Blaise J. Heaney, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Paul D. Davis, appeals his judgment of conviction for the offense of delivery of a controlled substance, namely cocaine, weighing by aggregate weight, including any adulterants and dilutants, less than 28 grams. TEX.HEALTH & SAFETY CODE ANN. § 481.-102(3)(D) and § 481.112(a), (b) (Vernon 1992). Appellant waived his right to trial by jury and entered a plea of nolo contendere to the court without an agreed punishment recommendation. The court, after reviewing a presentence investigation (PSI) report, assessed punishment at ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error, appellant asserts that the trial court erred by not allowing him to withdraw his plea of nolo contendere. On October 5, 1992, appellant appeared before the trial judge accompanied by his attorney for the purpose of entering his plea of nolo contendere. The trial judge admonished appellant of the consequences of his plea. The trial judge also ascertained that appellant entered his plea knowingly and voluntarily after discussing the case with his attorney. Furthermore, the trial judge determined that appellant was mentally competent at the time he entered his plea and that appellant's attorney operated competently and provided appellant with effective assistance of counsel. The trial court accepted appellant's plea of nolo contendere and the case was reset until December 16, 1992 for a presentence investigation report to be prepared by the probation department. On December 16, 1992, a sentencing hearing was held in order to assess appellant's punishment. At that time, appellant declared that he wished to withdraw his nolo contendere plea and enter a plea of not guilty. Appellant's request was denied.

First appellant argues that the trial court erred by not allowing him to withdraw his plea of nolo contendere. A defendant may withdraw his guilty plea as a matter of right without assigning reason until such judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App. 1979). However, if the defendant requests permission to withdraw a guilty plea after the trial judge has taken the case under advisement, the withdrawal of such plea is within the sound discretion of the trial court. *Id.* Therefore, the issue in this case is whether the trial court took the case under advisement at the conclusion of the hearing on October 5, 1992.

In a situation substantially identical to the instant case, the Texas Court of Criminal Appeals found no abuse of discretion on the part of the trial court in refusing to allow the withdrawal of a guilty plea after the plea had been accepted and the case had been passed for a presentence investigation. *See Jackson*, 590 S.W.2d at 514–15. In *Jackson*, the defendant entered his guilty plea on March 13, 1978. *Id.* at 514. After accepting the plea, the trial court passed the case for a presentence investigation. *Id.* On April 28, the case was called for the purpose of assessing punishment and at that time, the defendant declared that he wanted to withdraw his guilty plea and enter a plea of not guilty. *Id.* This request was denied. *Id.* In concluding that the trial court did not abuse its discretion by refusing the defendant's request, the Court of Criminal Appeals held that the passage of the case for a presentence investigation constitutes "taking the case under advisement," despite the fact that punishment had not been assessed. *Id.* at 515.

This declaration that the passage of a case for a presentence investigation constitutes "taking the case under advisement" has become well-settled law in Texas. *See DeVary*

*v. State,* 615 S.W.2d 739, 740 (Tex.Crim.App. 1981); *Jackson,* 590 S.W.2d at 515; *Thompson v. State,* 852 S.W.2d 268, 270 (Tex.App.— Dallas 1993, no pet.); *Cano v. State,* 846 S.W.2d 525, 526–27 (Tex.App.—Corpus Christi 1993, no pet.); *Wissinger v. State,* 702 S.W.2d 261, 262–63 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). In light of these cases, we find that the court in the instant case had taken the case under advisement when it reset the case on October 5, 1992 to December 16, 1992 so a sentencing hearing could be held after a presentence investigation report was prepared by the probation department. Because appellant's request to withdraw his plea was untimely, the trial court did not abuse its discretion in denying such request. Appellant's first contention lacks merit and is overruled.

■ Appellant also contends under this point of error that the trial court should have allowed him to withdraw his plea because he purportedly did not understand his plea due to the fact that he "may have been under some sort of medication on the day of the plea." The record does not support appellant's contention. The documentation reflecting the entering of appellant's "nolo contendere" plea on October 5, 1992 indicates that appellant entered his plea with a proper understanding of the consequences of such a plea. At the hearing at which appellant entered his plea, the trial judge determined that appellant entered his plea knowingly and voluntarily after discussing the matter with his attorney. The judge also found appellant to be mentally competent and ascertained that appellant's attorney was competent and had rendered effective assistance of counsel. Furthermore, appellant signed a statement that indicated that he entered his plea only after fully discussing the case with his attorney. Appellant also indicated that he was entering his plea with the intention of having the trial court assess his punishment pursuant to a PSI report. Moreover, appellant placed his initials next to each admonishment given him by the trial court, one of which reads, "I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea."

Further evidence of appellant's understanding of his plea was elicited from the attorney who had represented appellant at the plea hearing, Jesse Funchess. Funchess testified that he believed appellant was competent when he entered his plea of "nolo contendere." Funchess also stated that he explained the plea documents to appellant in detail and that in his opinion, appellant indicated that he understood. In fact, Funchess steadfastly testified that appellant fully understood the consequences of his plea. Funchess stated that the first time appellant indicated that he did not understand his plea was "some weeks" after the plea was entered when appellant also told him that he now wanted to have a trial. Following the testimony of Funchess at the sentencing hearing, the trial judge stated that he had heard appellant enter the plea and such plea had been entered while appellant was competent.

We find that the evidence convincingly shows that appellant was repeatedly admonished regarding the consequences of his plea and that he understood these consequences. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.