TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00178-CR







Moses Noel Ross, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 95-193-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 Indicted for aggravated robbery, appellant pleaded guilty to the lesser offense of robbery
pursuant to a plea bargain agreement. Tex. Penal Code Ann. § 29.02 (West 1994). As provided in the
agreement, the district court assessed punishment at imprisonment for ten years, with participation in the
state boot camp program. Tex. Code Crim. Proc. Ann. art. 42.12, § 8 (West Supp. 1997). Because
appellant filed a general notice of appeal, our jurisdiction is limited to jurisdictional issues and challenges
to the voluntariness of the guilty plea. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994);
Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Flowers v. State, No. 1431-95 (Tex. Crim.
App. Oct. 30, 1996); Moss v. State, No. 3-95-636-CR (Tex. App.--Austin Jan. 23, 1997) (no pet.
hist.); Tex. R. App. P. 40(b)(1).

 Appellant brings forward three points of error: (1) the district court erred by failing to state
whether it accepted the plea bargain before accepting the guilty plea; (2) the district court erred by refusing
to allow appellant to withdraw his guilty plea; and (3) ineffective assistance of trial counsel. The first and
third points do not raise a jurisdictional issue and do not challenge the voluntariness of the guilty plea. 
Accordingly, these points are dismissed. In support of the second point of error, appellant argues that he
should have been permitted to withdraw his guilty plea because the plea was not knowing and voluntary. 
Construed liberally, this point of error challenges the voluntariness of the plea and is properly before us.

 Appellant pleaded guilty on November 28, 1995. At that time, the district court accepted
the plea, adjudicated appellant guilty, and assessed punishment at imprisonment for ten years. Appellant
reappeared before the court on February 8, 1996, for formal sentencing following the preparation of a
presentence report. At this time, appellant asked to withdraw his plea. While the record is not entirely
clear, it appears that appellant was not happy with one or more of the conditions recommended in the
report should appellant successfully complete boot camp and be placed on community supervision. 
Appellant's request to withdraw the plea was denied.

 Appellant had no right to withdraw his guilty plea after the plea was accepted and the case
was taken under advisement. Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Davis
v. State, 861 S.W.2d 25, 26 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). Appellant's second
thoughts about his bargain, and in particular about his willingness to accept the conditions and obligations
of community supervision, did not retroactively render his guilty plea involuntary. Point of error two is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: February 6, 1997

Do Not Publish



51a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00178-CR







Moses Noel Ross, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 95-193-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 Indicted for aggravated robbery, appellant pleaded guilty to the lesser offense of robbery
pursuant to a plea bargain agreement. Tex. Penal Code Ann. § 29.02 (West 1994). As provided in the
agreement, the district court assessed punishment at imprisonment for ten years, with participation in the
state boot camp program. Tex. Code Crim. Proc. Ann. art. 42.12, § 8 (West Supp. 1997). Because
appellant filed a general notice of appeal, our jurisdiction is limited to jurisdictional issues and challenges
to the voluntariness of the guilty plea. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994);
Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Flowers v. State, No. 1431-95 (Tex. Crim.
App. Oct. 30, 1996); Moss v. State, No. 3-95-636-CR (Tex. App.--Austin Jan. 23, 1997) (no pet.
hist.); Tex. R. App. P. 40(b)(1).

 Appellant brings forward three points of error: (1) the district court erred by failing to state
whether it accepted the plea bargain before accepting the guilty plea; (2) the district court erred by refusing
to allow appellant to withdraw his guilty plea; and (3) ineffective assistance of trial counsel. The first and
third points do not raise a jurisdictional issue and do not challenge the voluntariness of the guilty plea. 
Accordingly, these points are dismissed. In support of the second point of error, appellant argues that he
should have been permitted to withdraw his guilty plea because the plea was not knowing and voluntary. 
Construed liberally, this point of error challenges the voluntariness of the plea and is properly before us.

 Appellant pleaded guilty on November 28, 1995. At that time, the district court accepted
the plea, adjudicated appellant guilty, and assessed punishment at imprisonment for ten years. Appellant
reappeared before the court on February 8, 1996, for formal sentencing following the preparation of a
presentence report. At this time, appellant asked to withdraw his plea. While the record is not entirely
clear, it appears that appellant was not happy with one or more of the conditions recommended in the
report should appellant successfully complete boot camp and be placed on community supervision. 
Appellant's request to withdraw the plea was denied.

 Appellant had no right to withdraw his guilty plea after the plea was accepted and the case
was taken under advisement. Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Davis
v. State, 861 S.W.2d 25, 26 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). Appellant's second
thoughts about his bargain, and in particular about his willingness to accept the conditions and obligations
of community supervision, did not retroactively render his guilty plea involuntary. Point of error two is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed