NUMBER 13-01-083-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



WALTER CHARLES JONES, Appellant,


v.



THE STATE OF TEXAS , Appellee.




On appeal from the 252nd District Court

of Jefferson County, Texas.





O P I N I O N


Before Justices Dorsey, Yañez, and Baird (1)

Opinion by Justice Baird


Appellant was sixteen years of age at the time of his arrest for the instant offense of aggravated robbery. After a
certification hearing in juvenile court, the presiding judge entered an order waiving jurisdiction, transferring the case to
district court, and ordering appellant to stand trial as an adult. Tex. Fam. Code Ann. § 54.02 (Vernon's 1996). A grand jury
subsequently returned an indictment charging appellant with the offense of aggravated robbery. Appellant pled guilty to the
charged offense, and the trial court assessed punishment at fifty years confinement in the Texas Department of Criminal
Justice--Institutional Division. Appellant raises three points of error. (2) We affirm.

I. Appellant's Statement.

The first point of error contends appellant should have been afforded legal counsel prior to giving his written statement. 
The State responds that appellant's statement cannot serve as a basis for error because it was never admitted into evidence. 
We agree. We have reviewed the record from the certification hearing, appellant's plea of guilty, and sentencing. At no
point in any of the three proceedings was the statement admitted into evidence or even mentioned. (3) Accordingly, the
record before us is just as it would have been had appellant never given a statement, or if trial counsel filed and the trial
judge granted a motion to suppress the statement. (4)

Therefore, the first point of error is overruled.

II. Failure to Request to Have Plea Withdrawn.

Appellant pled guilty without an explicit plea bargain agreement with the State. Instead, the parties agreed to certain
parameters, which limited the upper end of the range of punishment to fifty years confinement. The record reflects that
appellant fully understood this arrangement when he pled guilty. Following that plea, the proceedings were recessed for the
preparation of a presentence investigation. When the proceedings reconvened three weeks later, the trial judge asked for
comments from the State and defense. At the conclusion of those remarks, the trial judge stated: "I am thinking 50 is not
enough also, but you've [referring to the prosecutor] agreed to a 50 cap." 

The second point of error contends trial counsel was ineffective for failing to request that appellant's plea be withdrawn
when the trial court made this statement. Appellant argues that had he known deferred adjudication community supervision
"was not an option at the time of his plea, [appellant] would have asked for a jury trial." 

This argument fails for two reasons. First, although the trial judge had no authority to grant appellant "regular" community
supervision for the offense of aggravated robbery, the judge could have granted deferred adjudication. Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2001); West v. State, 702 S.W.2d 629, 634 (Tex. Crim. App. 1986). Therefore,
contrary to appellant's assertions, deferred adjudication community supervision was an option at the time appellant entered
his plea.

Second, when an ineffective assistance of counsel claim relates to trial counsel's failure to act, the defendant must show the
trial judge would have erred by not granting the relief that was not requested. Vaughn v. State, 931 S.W.2d 564, 566 (Tex.
Crim. App. 1996); Brown v. State, 6 S.W.3d 571, 575 (Tex. App.-Tyler 1999, pet ref'd); Johnson v. State, 987 S.W.2d 79,
90 (Tex. App.-Houston. [14th Dist.] 1998, pet. ref'd); Williamson v. State, 771 S.W.2d 601, 607 (Tex. App.-Dallas 1989,
pet. ref'd). Therefore, appellant must show the trial judge would have erred by not permitting appellant to withdraw his
guilty plea if such a request had been made by trial counsel.

An accused may withdraw his plea any time before judgment is pronounced, or the case has been taken under advisement. 
Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, the decision to allow the defendant to withdraw
his plea after the judge has taken the case under advisement is within the discretion of the trial court. Id. Passing the case
for a presentence investigation constitutes taking the case under advisement. Davis v. State, 861 S.W.2d 25, 26 (Tex.
App.--Houston [14th Dist.] 1993, pet. ref'd). Since appellant argues trial counsel should have requested that the plea be
withdrawn after the preparation of the presentence investigation, we must determine whether the trial judge would have
abused his discretion had he not permitted the plea to have been withdrawn. An abuse of discretion occurs when the trial
judge's ruling lies outside the "zone of reasonable disagreement." Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990). In the instant case, we cannot say the trial court would have been outside the zone of reasonable disagreement
by refusing to allow appellant to withdraw his plea.

For both of these reasons, the second point of error is overruled.

III. Voluntariness of Plea.

The third point of error contends appellant's plea was not voluntarily and intelligently entered because trial counsel failed to
challenge the admissibility of appellant's statement. An accused who initially attests he understands the nature of his plea
and that it is being voluntarily entered bears the burden to prove on appeal that his plea was involuntary. Marshall v. State,
28 S.W.3d 634, 639 (Tex. App.-Corpus Christi 2000, no pet.); Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.-San
Antonio 1994, no pet.). In the instant case, appellant attested that he understood his plea, and that it was entered both
knowingly and voluntarily. Moreover, the trial judge fully admonished appellant before accepting his plea. As noted in our
resolution of the first point of error, the statement was not offered or mentioned in any the proceedings in the courts below. 
Therefore, the appellate record is as if appellant had never made the statement, or if trial counsel had been successful in
suppressing it. In either event, there is no showing the statement in any way impacted appellant's decision to plead guilty to
the charged offense. Accordingly, we hold appellant has not carried his burden of proving his plea was involuntary. 
Marshall, 28 S.W.3d at 639; Crawford, 890 S.W.2d at 944. The third point of error is overruled.

The judgment of the trial court is affirmed.



 

CHARLES F. BAIRD,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 7th day of March, 2002.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant was also charged with the state jail felony offense of unauthorized use of a motor vehicle. He pled guilty to
that offense, and the trial judge assessed punishment at two years confinement. Appellant did not appeal the judgment of
the trial court in that case.

3. We are aware of the statement because we granted Appellant's motion to File Brief Attachment which had as Exhibit A
"Statutory Warning of Juvenile by Magistrate" and "Voluntary Statement-Affidavit."

4. In the instant case, no motion to suppress the statement was filed in either the juvenile or trial court. This fact
distinguishes the instant case from Anthony v. State, 954 S.W.2d 132, 136 (Tex. App.-San Antonio 1997, no pet.), where
the juvenile defendant pled guilty only after his motion to suppress was overruled. The Anthony Court held the confession
was "used against" the defendant in the plea bargaining process. Id.