11th Court of Appeals
Eastland, Texas
Opinion
                                                         
Elouise Louis Henry
            Appellant
Vs.                  No. 11-04-00116-CR -- Appeal from Taylor County
State of Texas
            Appellee
 
            On June 27, 2003, after Elouise Louis Henry waived her right to trial by jury, she entered a
plea of guilty to the offense of possession of less than 1 gram of cocaine. Appellant also pleaded true
to 2 enhancement paragraphs. After the trial court accepted appellant’s pleas, it indicated that it
would order a presentence investigation and that it would notify the attorneys and appellant when
they were to return.
            On August 8, 2003, appellant failed to appear for a scheduled sentencing hearing because she
was scared about what would happen to her. Appellant did appear for a subsequent sentencing
hearing held on April 16, 2004. At the beginning of the sentencing hearing, appellant’s attorney
informed the trial court that appellant wished to withdraw her guilty plea. After the trial court heard
testimony on the issue, it overruled appellant’s request to withdraw her guilty plea. The trial court
assessed appellant’s punishment at confinement in the Institutional Division of the Texas
Department of Corrections for a term of 5 years. We affirm.
            Appellant raises one issue on appeal. She argues that the trial court erred when it refused to
allow her to withdraw her guilty plea.
            In a trial before the court, a defendant may withdraw her guilty plea, as a matter of right and
without any reason, at any time before judgment is pronounced or until the trial court has taken the
case under advisement. Jackson v. State, 590 S.W.2d 514 (Tex.Cr.App.1979). The Court of
Criminal Appeals has recently acknowledged that rule in Mendez v. State, 138 S.W.3d 334, 345 n.55
(Tex.2004): 
[W]hen trial by jury has been waived, the defendant may change the plea from guilty
to not guilty until the court pronounces judgment or takes the case under advisement. 

            A trial court takes a case under advisement when it has received the plea, entered the plea
papers, and passed the case pending completion of a presentence investigation. Davis v. State, 861
S.W.2d 25, 26-27 (Tex.App. - Houston [14th Dist.] 1993, pet’n ref’d). After a trial court has taken
a case under advisement, it is within the sound discretion of the trial court whether to allow a
defendant to withdraw the plea of guilty. Garcia v. State, 960 S.W.2d 151, 157 (Tex.App. – Corpus
Christi 1997, no pet’n). A trial court does not abuse its discretion unless its ruling is outside the zone
of reasonable disagreement. Ellis v. State, 86 S.W.3d 759, 761 (Tex.App. - Waco 2002, pet’n ref’d).
            When appellant appeared before the trial court and entered her guilty plea, she signed a
stipulation of evidence in which she admitted that she committed the offense to which she pleaded
guilty. In that stipulation, she also admitted that the enhancement paragraphs contained in the
indictment were true. Appellant also waived her right to confrontation as well as her privilege
against self-incrimination. Appellant signed another document in which she acknowledged the trial
court’s admonishments contained in that document. She also waived her right to trial by jury. 
Appellant makes no claim that she was not properly admonished. What appellant does claim is that
the cocaine did not belong to her but, rather, to a codefendant, despite evidence that law enforcement
officers found cocaine in a crack pipe and on a set of scales in appellant’s purse. The officers also
found other crack pipes containing cocaine in the house when they executed the search warrant in
this case. In appellant’s testimony at the sentencing hearing, she told the trial court that she had
signed all of the original plea papers, including the stipulation of evidence, freely and voluntarily. 
When appellant requested that the trial court allow her to withdraw her plea, the trial court said:
            Well, [the codefendant] said he wanted a trial because he said it was 
[appellant’s] last time he was up here. That request will be denied. 
 
            Because the trial court had taken this case under advisement at the time that appellant
indicated her desire to withdraw her plea, her request was untimely. Further, because of the
admissions, acknowledgments, waivers, testimony, and other information before the trial court at
the time that it denied appellant’s request to withdraw her plea, it did not abuse its discretion when
it denied the request. Appellant’s issue on appeal is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
October 28, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.