Affirmed and Memorandum Opinion filed January 6, 2005









Affirmed and Memorandum Opinion filed January 6, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01043-CR

NO.
14-03-01044-CR

____________

 

ALEXANDER DENIS
HERNANDEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 938,378
& 938,379

 



 

MEMORANDUM   O P I N I O N

Appellant, Alexander Denis Hernandez,
appeals his convictions for aggravated sexual assault of a child and aggravated
kidnapping and his sentence of twenty-five years= confinement to
the Texas Department of Criminal Justice, Institutional Division, for each
offense. 








On June 16, 2003, appellant pled guilty,
without an agreed recommendation, to both aggravated sexual assault of a child
and aggravated kidnapping.  At that time,
the trial court accepted appellant=s plea of guilty,
but deferred making a finding of guilt and reset both cases so that a
presentence investigation could be conducted. 
Although he pled guilty, appellant proclaimed his innocence to both
offenses in the presentence investigation report. At the conclusion of a hearing
on September 10, 2003, the trial court found appellant guilty of both offenses
and assessed punishment for each offense at twenty-five years= incarceration,
both sentences to run concurrently.  We
affirm.

                                    Failure to Withdraw
Guilty Plea

In his first issue, appellant contends the
trial court erred in accepting his initial plea of guilty and in subsequently
finding him guilty in light of his claims of innocence during the presentence
investigation.  A defendant may withdraw
his plea before judgment has been pronounced or the case has been taken under
advisement as a matter of right without assigning a reason.  Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. 1979).  Appellant
asserts the trial court had not taken his case under advisement because it had
not heard the evidence, particularly appellant=s statement that
he was innocent.  However, it is
well-settled that the trial court takes a case under advisement when it passes
it for a presentence investigation.  Id.;
Stone v. State, 951 S.W.2d 205, 207 (Tex. App.CHouston [14th
Dist.] 1997, no pet.); Davis v. State, 861 S.W.2d 25, 26 (Tex. App.CHouston [14th
Dist.] 1993, pet. ref=d). 


Appellant argues that even if his case had
been taken under advisement, it was still within the trial court=s discretion to
allow the withdrawal of the plea.  See
DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981); Jackson,
590 S.W.2d at 515.  When the defendant
waives his right to a jury trial and enters a guilty plea before the court, the
court is not required to withdraw the plea, even if the evidence fairly raises
an issue as to the innocence of the defendant. 
Moon v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on
reh=g).  However, relying on Payne v. State,
appellant asserts the trial court erred in not permitting him to withdraw his
plea.  See 790 S.W.2d 649, 650B51 (Tex. Crim.
App. 1990).








In Payne, the defendant presented
evidence indicating that he was guilty of a lesser-included offense during
sentencing, after he had entered a guilty plea. 
Id.  However, Payne
involved a timely motion by the defendant to withdraw the guilty plea
and does not support appellant=s position.  See id. 

Because the court had no duty to allow
appellant to withdraw his guilty plea, it did not abuse its discretion in
failing to do so.  Appellant=s first issue is
overruled.  

                                     Legal and Factual
Sufficiency

In his second issue, appellant claims the
trial court should have ordered appellant=s guilty plea
withdrawn sua sponte after appellant had declared his innocence so that
he could thereafter challenge the sufficiency of the evidence on appeal.  Appellant claims any challenge to the
sufficiency of the evidence on appeal will be summarily denied due to his
judicial confession.[1]  Appellant contends, therefore, that the trial
court erred and abused its discretion in failing to withdraw his plea.

As stated above, when the defendant waived
his right to a jury and entered a guilty plea before the court, the trial court
was not required to order the plea withdrawn sua sponte, even if the
evidence fairly raised an issue as to the innocence of the defendant.  See Moon, 572 S.W.2d at 682.  Rather, it is within the trial court=s discretion
to order the withdrawal of the plea.  Id.  The court in Moon explained that there
is no longer a valid reason for the court to order the guilty plea withdrawn
and enter a plea of not guilty for the defendant when the defendant enters a
plea of guilty before the court after waiving a jury.  Id. 
AIt is the duty of
the trial court to consider the evidence submitted and as the trier of the
facts the court may find the appellant guilty of a lesser offense and assess
the appropriate punishment or it may find the defendant not guilty.@  Id. 
No purpose would be served by ordering the guilty plea withdrawn and
entering a plea of not guilty.  Id.  








Appellant asserts this case presents a
valid reason for an exception to the general rule set forth in Moon.  Specifically, appellant contends the
withdrawal of his plea in this case would allow him to challenge the
sufficiency of the evidence on appeal because the withdrawal of his plea
necessarily would include a withdrawal of any confession or stipulation of
evidence supporting his convictions. 
Appellant claims the evidence is neither legally nor factually
sufficient to support his convictions without his confession and stipulation of
evidence.

One purpose, however, of entering a guilty
plea supported by a judicial confession is to relieve the State of its burden
of proving the defendant=s guilt. Thus, the evidence supporting a
conviction will always be insufficient once a defendant is permitted to
withdraw his plea.  Nevertheless,
appellant argues the evidence undoubtedly would be legally and factually
insufficient without his plea and stipulation of the evidence because the
presentence investigation report reveals there is no physical evidence to
support the complainant=s allegations.  Nothing in our jurisprudence, however,
suggests the State has any obligation to marshal all its evidence for inclusion
in the presentence investigation report. 
Thus, we will not assess the potential sufficiency of the evidence from
the contents of a presentence investigation report.[2]








While appellant related a different
scenario in the presentence investigation report, that fact does not require us
to find the evidence insufficient.  Had
there been a trial on the merits, it would have been for the trier of fact to
resolve any conflicts and inconsistencies in the evidence.  See Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995). 
Moreover, the trier of fact could have believed or disbelieved part or
all of a witness=s testimony.  Jones v. State, 984 S.W.2d 254, 258
(Tex. Crim. App. 1998).

Appellant=s second issue is
overruled.

                                   Equal Protection
& Due Process

In his third issue, appellant claims the
trial court=s failure to sua sponte order his
no contest plea withdrawn will result in the denial of his right to equal
protection[3]
and due process of law[4].  With respect to his equal protection claim,
appellant argues that his inability to challenge the legal and factual
sufficiency of the evidence due to his plea will place him on unequal footing
with similarly situated defendants. 
Other defendants, who claim their innocence but are not burdened by a
regretted plea of guilty or no contest, are not equally treated.  

The State points out that the flaw in
appellant=s argument is that he is not similarly
situated to defendants who are not burdened by a plea of guilty.  We agree. 
The fact that appellant entered a guilty plea places him in a different
class of defendants than those who have not entered such a plea.  








With respect to his due process claim,
appellant argues he Awill be denied due process of law if he is
not permitted to challenge the sufficiency of the evidence because of a series
of procedural bars.@ 
Appellant has failed to provide any argument or authority in support of
this contention; therefore, it is waived on appeal.  See Tex.
R. App. P. 38.1(h).  Appellant=s third issue is
overruled.  

                                 Ineffective
Assistance of Counsel

In his fourth issue, appellant claims
trial counsel rendered ineffective assistance of counsel by failing to move the
trial court to withdraw appellant=s plea after
appellant had proclaimed his innocence. 
Appellant, thus, contends his plea was involuntary.  

Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel.  See U.S. Const. amend. VI; Tex.
Const. art. I, ' 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right necessarily includes the right to
reasonably effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 686 (1984).  The United States Supreme Court has
established a two‑prong test to determine whether counsel is
ineffective.  Id.  Appellant must first demonstrate his counsel=s performance was
deficient and not reasonably effective.  Id.
at 688B92.  Thereafter, appellant must demonstrate the
deficient performance prejudiced his defense. 
Id. at 693.  Essentially,
appellant must show that his counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and there is a reasonable probability that, but for his
counsel=s unprofessional
errors, the result of the proceeding would have been different.  Id.; Valencia v. State, 946
S.W.2d 81, 83 (Tex. Crim. App. 1997).








Judicial scrutiny of counsel=s performance must
be highly deferential, and we are to indulge the strong presumption that
counsel was effective.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel=s actions and decisions were reasonably
professional, and that they were motivated by sound trial strategy.  Id. 
Moreover, it is appellant=s burden to rebut
this presumption, by a preponderance of the evidence, via evidence illustrating
why trial counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  When the record contains no evidence of the
reasoning behind trial counsel=s actions, we cannot
conclude counsel=s performance was deficient.  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999); Jackson, 877 S.W.2d at 771.  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when
confronted with a silent record.  Jackson,
877 S.W.2d at 771.

If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he still must affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
that counsel=s errors, judged by the totality of the
representation, denied him a fair trial. 
See McFarland, 928 S.W.2d at 500. 
If appellant fails to make the required showing of either deficient
performance or prejudice, his claim fails. 
See id.  

Here, appellant did not file a motion for
new trial, and the record contains no evidence of the reasoning behind his
counsel=s failure to
request the trial court to withdraw his plea. 
An appellant court is not required to speculate on the reasons behind
trial counsel=s actions when confronted with a silent
record.  Jackson, 877 S.W.2d at
771; see also Thomspon, 9 S.W.3d at 814 (holding that when record
provides no explanation as to motivation behind trial counsel=s actions, appellate
court should be hesitant to declare ineffective assistance of counsel).  Appellant fails to provide this court with
any evidence affirmatively demonstrating the ineffectiveness of his trial
counsel.  Thus, appellant has not
satisfied his burden on appeal to rebut the presumption that counsel=s actions were
reasonably professional and motivated by sound trial strategy.[5]








Moreover, even if the record rebutted the
presumption of sound trial strategy, appellant has not demonstrated that trial
counsel=s performance
prejudiced his defense.  He has not,
therefore, met the second prong of the test. 
Because appellant produced no evidence concerning trial counsel=s reasons for
choosing the course he did, nor did appellant demonstrate prejudice to his
defense, appellant=s fourth issue on appeal is
overruled.  See McFarland, 928
S.W.2d at 500.

Accordingly, the judgment of the trial
court is affirmed.

                                                              

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 6, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  See Dinnery
v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh=g) (holding defendant=s
judicial confession alone is sufficient to sustain conviction upon guilty
plea).





[2]  Were we to do
so here, however, the presentence investigation report would seem to show an
abundance of evidence.  It indicates that
the complainant, who was fourteen years old, was walking home from the Chimney
Rock Center when appellant drove up next to her and asked if she needed a
ride.  When the complainant said she did
not, appellant pulled her into his car. 
Appellant drove her to a warehouse parking lot, where he pulled out a
knife and twice ordered her to get into the back seat of the car.  When she refused a second time, appellant
slapped and choked her.  When the
complainant got into the back seat, he removed her clothes slowly without
tearing them.  Appellant penetrated both
the complainant=s vagina and anus with his penis and forced her to
perform oral sex on him.  The complainant
was eventually able to open the door and started screaming.  The complainant then heard a woman=s voice yelling for the complainant to run toward
her.  

The woman=s voice
belonged to Leigh Ann Hudson, who was working as a dispatcher for a private
ambulance service.  Hudson heard a female
screaming for help.  Hudson opened her
door, looked out into the parking lot and yelled for the female (complainant)
to run toward her.  Hudson saw the
complainant running toward her, wearing no clothes, only shoes.  Hudson then saw a small white car drive
off.  The complainant was later able to
identify appellant in a photo array.  





[3]  U.S. Const. amend. XIV ' 1; Tex. Const.
art. I, ' 3.  





[4]  U.S. Const. amend. XIV ' 1; Tex. Const.
art. I, ' 19.  





[5]  Appellant
contends there can be no plausible strategy for an attorney to allow a
defendant who protests his innocence to plead guilty.  However, Aall
sorts of considerations may motivate a guilty plea.@  Mallett v.
State, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001) (rejecting defendant=s ineffective assistance of counsel claim based on
counsel=s failure to request that defendant=s guilty plea be withdrawn for protestation of
innocence).