Affirmed and Opinion filed August 25, 2009








Affirmed
and Opinion filed August 25, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00830-CR

_______________

 

JORGE DE LA GARZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1108965 

                                                                                                                                                

 

O P I N I O N

Appellant
Jorge De La Garza pleaded guilty to the felony offense of money laundering. 
After a punishment hearing, the trial court sentenced him to fifteen years= confinement in the Texas Department
of Criminal Justice, Institutional Division and assessed a $10,000 fine.  In
three issues, appellant argues the trial court abused its discretion by
(a) denying his motion to withdraw his guilty plea, (b) overruling his
motion for new trial, and (c) failing to conduct a hearing on his motion for
new trial.  In an additional issue, he  asserts that his trial counsel was
ineffective.  We affirm.








I.  Background

On May
6, 2008, appellant pleaded guilty, without an agreed recommendation on
punishment, to the offense of money laundering.  Specifically, he pleaded
guilty to Aunlawfully[] and knowingly acquir[ing], maintain[ing] an interest in,
conceal[ing], possess[ing,] or transport[ing] the proceeds of criminal
activity, namely, Possession of a Controlled Substance, and the value of the
funds [was] $200,000 or more.@  After appellant signed written admonishments and waivers,
the trial court concluded that his plea was freely and voluntarily made and
accepted his guilty plea.  The trial court continued the proceedings so a
pre-sentence investigation could be completed.

On
August 19, 2008, the trial court conducted a punishment hearing.  Houston
Police Officer Rick Reeves testified that he recovered a large sum of money,
multiple ledgers, and materials for packaging money from an apartment shared by
appellant and an individual identified as Saul Mendez.  According to Reeves,
appellant admitted that the funds, totaling in excess of $774,000.00, were
proceeds from marijuana and cocaine trafficking.  Appellant also testified at
the punishment hearing.  He admitted that he knew Aexactly@ what was going on and testified that
unidentified individuals paid him to package the money and deliver it to
another unidentified individual.  Appellant stated, AI declare myself guilty . . . of the
charges.@  At the close of the hearing, the
trial court found appellant guilty, sentenced him to fifteen years= confinement in the Texas Department
of Criminal Justice, and assessed a $10,000 fine.  Appellant timely filed a
notice of appeal








Appellant
filed a motion to withdraw his guilty plea and a motion for new trial on
September 17, 2008.  As is relevant to this appeal, he claimed in both these
motions that his plea was involuntary because his trial counsel was ineffective
for failing to explain that Aproceeds@ as used in the money-laundering statute means Aprofits.@[1]  The trial court denied these
motions without a hearing on October 14, 2008.  This appeal timely ensued.

II.  Issues Presented

In his first
issue, appellant asserts that the trial court abused its discretion by denying
his motion to withdraw his guilty plea, which he contends was involuntary due
to his trial counsel=s ineffectiveness.  He argues in his second issue that the
trial court further abused its discretion in overruling his motion for new
trial based on his involuntary guilty plea.  In issue three, he asserts that
his trial counsel was ineffective for failing to explain the ambiguity in the money-laundering
statute regarding the term Aproceeds,@ how this ambiguity would benefit appellant, and how his
defensive arguments are supported by the subsequent decision of the United
States Supreme Court, United States v. Santos, 128 S. Ct. 2020 (June 2,
2008) (plurality op.).  Finally, in his fourth issue, appellant complains that
the trial court abused its discretion by failing to conduct a hearing on his
motion for new trial. 

III.  Analysis

A.        Ineffective Assistance of
Counsel

Appellant=s first three issues rest on the
theory that his guilty plea was involuntary because it was based on the
ineffective assistance of counsel.  Specifically, he asserts that his trial
counsel was ineffective by failing to (a) investigate and fully explain to
appellant the law concerning money laundering and (b) properly advise appellant
about the law so that appellant could make an informed and intelligent decision
about his plea. 








A
defendant is entitled to reasonably effective assistance of counsel when
entering a guilty plea.  Ex parte Morrow, 952 S.W.2d 530, 536 (Tex.
Crim. App. 1997) (en banc).  When a defendant pleads guilty on the advice of
counsel and later challenges the voluntariness of his plea based on allegedly
ineffective assistance of counsel, the voluntariness of the plea depends on
(1) whether counsel=s advice was within the range of competence demanded of
attorneys in criminal cases, and, if not, (2) whether there is a reasonable
probability that, but for counsel=s errors, he would not have pleaded
guilty and instead would have insisted on going to trial.  Id. (citing Hill
v. Lockhart, 474 U.S. 52 (1985) and Strickland v. Washington, 466
U.S. 668 (1984)); Kober v. State, 988 S.W.2d 230, 232 (Tex. Crim. App.
1999). 

Appellant
contends that his trial counsel was ineffective for failing to investigate,
inform, and advise appellant on an alleged ambiguity in the Texas
money-laundering statute.  This ambiguity, according to appellant, arises from
the use of the term Aproceeds@ in the statutory language.  See Tex. Penal Code Ann. ' 34.02(a)(1) (Vernon Supp. 2008) (AA person commits [the offense of
money laundering] if the person knowingly . . . acquires or maintains an
interest in, conceals, possesses, transfers, or transports the proceeds
of criminal activity. . . .@ (emphasis added)).  Appellant asserts that, after the United
States Supreme Court=s decision in Santos, the State would have been
required to establish that Ahe possessed $200,000 or more in profits from criminal
activity, namely, possession of a controlled substance.@  (emphasis added).   He contends
that his trial counsel was ineffective for failing to advise him about the Santos
decision and its impact on his case.  We disagree with this contention for
several reasons.

First
and most importantly, Santos has no application to the present case.  In
that opinion, the United States Supreme Court construed the meaning of the word
A>proceeds= . . . as it is
used in the federal money-laundering statute.@  Santos, 128 S. Ct. at 2024. 
That statute is not at issue here.  








Secondly,
appellant misinterprets the holding of Santos.  Although a plurality of
four justices determined that Aproceeds@  means Aprofits@ when used in the particular federal statute under review,
appellant characterizes Santos as providing a general definition of the
word Aproceeds@ that applies to the use of the same
word in the Texas money-laundering statute.  The opinion will not bear this
expansive interpretation.  Justice Stevens agreed only that A>proceeds= means >profits= when there is no legislative
history to the contrary.@  Id., 128 S. Ct. at 2031 (Scalia, J., joined by
Souter and Ginsburg, J.J., describing the concurrence) (emphasis added); see
also id. (ACongress has included definitions of the term >proceeds= in some criminal statutes, but it
has not done so in . . . the money laundering statute at issue
in this case.@) (Stevens, J., concurring).  And A[w]hen a fragmented Court decides a
case and no single rationale explaining the result enjoys the assent of five
Justices, >the holding of the Court may be viewed as that position taken by those
Members who concurred in the judgments on the narrowest
grounds . . . .=@  Marks v. United States, 430
U.S. 188, 193 (1977) (quoting Gregg v. Georgia, 428 U.S. 153, 169 n.15
(1976)).  Thus, the holding of Santos is only that, there being no
legislative history to the contrary, the term Aproceeds@ in title 18, section 1956 of the
United States Code means Aprofits.@  

Third,
the plurality=s rationale in Santos dictates a contrary result here.  As the
plurality pointed out, AThe federal money‑laundering statute does not define >proceeds.= When a term is undefined, we give it
its ordinary meaning.@  Id., 128 S. Ct. at 2024 (plurality op.).  But when
the Texas legislature used the word Aproceeds@ in our State=s money-laundering statute, it used a
defined term: A>[p]roceeds= means funds acquired or derived
directly or indirectly from, produced through or realized through an act.@  Tex.
Penal Code Ann. ' 34.01(4) (Vernon Supp. 2008).  The term Afunds@ is defined to include Acoin or paper money@ and Acurrency or its equivalent.@  Id. '34.01(2)(D).  Thus, the term Aproceeds@ as used in the statute under which
appellant was convicted is neither ambiguous nor synonymous with Aprofits.@








In sum,
we conclude appellant=s trial counsel was not ineffective for failing to advise
appellant about a potential decision from the United States Supreme Court[2]
that has no application to appellant=s case.  Thus, ineffective assistance
of counsel did not render appellant=s guilty plea involuntary.  And
although appellant=s first two issues concern rulings reviewable for an abuse of
discretion,[3] our
determination that appellant has failed to demonstrate the ineffectiveness of
his trial counsel dictates our further conclusion that the trial court did not
abuse its discretion in denying appellant=s motions based on the same grounds. 
We therefore overrule appellant=s first three issues.

B.        Hearing on Appellant=s Motion for New Trial 

In his
fourth and final issue, appellant argues the trial court abused its discretion
by denying him a hearing on his motion for new trial.  He contends that the
motion and accompanying affidavit raised Amatters otherwise not determinable
from the record and upon which appellant might be entitled to relief.@  

We
review a trial court=s decision to deny a hearing on a motion for new trial for an
abuse of discretion.  Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim.
App. 2002) (en banc).  The right to a hearing on a motion for new trial is not
absolute; a defendant is entitled to a hearing only if the motion and affidavit
raise matters that cannot be determined from the record.  Wallace v. State,
106 S.W.3d 103, 107 (Tex. Crim. App. 2003) (en banc).  The purpose of a hearing
is to give a defendant an opportunity to fully develop matters raised in his
motion.  Martinez, 74 S.W.3d at 21. 








Here,
appellant asserted in his affidavit that he pleaded guilty because his trial
counsel told him Athat possessing th[e] money was money laundering and did not
tell [him] he had any defense . . . . [and] never told [him] that there was a
difference between possessing any money at all and possessing profits.@  His motion for new trial, as noted
above, rested on a complaint that his plea was involuntary because his trial
counsel failed to advise him that, under Santos,  Aproceeds@ means Aprofits@ or its meaning is ambiguous.  But as
discussed supra, the Santos decision concerns the construction of
an undefined term in a federal statute, not the defined term used in the Texas
statute under which appellant was charged.  

No
hearing was necessary to establish these matters, which instead were
determinable as a matter of law, and appellant has not specified any issues not
determinable from the record.  See Smith v. State, 286 S.W.3d 333, C, 2009 WL 1675747, at *3 (Tex. Crim.
App. June 17, 2009) (stating that a hearing is not required when matters raised
in the motion are subject to being determined from the record).  Thus, we
cannot say the trial court abused its discretion in denying appellant a hearing
on his motion.  See Darrington v. State, 623 S.W.2d 414, 416 (Tex. Crim.
App. [Panel Op.] 1981) (concluding trial court did not abuse its discretion by
overruling motion for new trial without a hearing when Athere were no issues presented in
appellant=s motion for new trial which required proof to be developed outside the
record@).  We therefore overrule his fourth
issue.

IV.  Conclusion

Having
overruled each of appellant=s four issues, we affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Publish C Tex.
R. App. P. 47.2(b).









[1]  He also asserted that the evidence was insufficient
to support his plea in his motion for new trial, but has abandoned that claim
on appeal.





[2]  Santos had not yet been decided at the time
appellant pleaded guilty.





[3]  See, e.g., Charles v. State, 146
S.W.3d 204, 208 (Tex. Crim. App. 2004), superseded in part on other grounds
by Tex. R. App. P. 21.8(b), as
recognized in State v. Herndon, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App.
2007) (denial of motion for new trial based on ineffective assistance is
reviewed for abuse of discretion); Saldana v. State, 150 S.W.3d 486, 490
(Tex. App.CAustin 2004, no pet.) (AWhen . . . a defendant decides to withdraw his guilty plea after the
trial court takes the case under advisement or pronounces judgment, the
withdrawal of such plea is within the sound discretion of the trial court.@); Davis v. State, 861 S.W.2d 25, 26 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d) (same).